[No. 817.    February 27, 1899.]

## JAMES F. HAYNES et al., Appellants, v. UNITED STATES OF AMERICA, Appellee.

### SYLLABUS BY THE COURT.

CRIMINAL LAW—APPEAL—TRANSCRIPT—DEFECTS IN INDICTMENT—AIDER BY PLEA—CONSOLIDATION.—1. In appeals in criminal cases it is necessary to file in the office of the clerk of the supreme court at least ten days before the first day of the court to which such appeal is returnable, a transcript of the record and proceedings. A district judge signing and sealing a bill of exceptions at a later date than authorized by the statute, exceeds his authority, and, on motion, the bill of exceptions will be stricken from the record.

2.—Formal defects in indictments are cured by plea and trial. By failing to demur or moving to quash and, if overruled, saving an exception, on appeal defendants are estopped from raising objections to the sufficiency of an indictment which does not render it or any judgment based thereon void.

3.—Separate indictments against the same person may be consolidated where they grow out of the same transaction, and if defendants do not raise objections to such consolidation at the time, and ask for separate trials, they waive all right to object to such consolidation for the first time in the supreme court.

*Appeal,* from a judgment of the Third Judicial District Court, convicting defendants of a violation of section 5508, Rev. Stat., U. S. Affirmed, overruling in part Territory v. Hicks, 6 N. M. 596.

The facts are stated in the opinion of the court.

S. B. NEWCOMB and J. F. BONHAM for appellants.

Upon an indictment for conspiracy under the Indiana statute, it is necessary to specify the felony which it was proposed to commit. Stat. Ind. 2 G. & H. 455; State v. McKinstry, 50 Ind. 467; Landringham v. State, 49 Id. 186; Scudder v. State, 62 Id. 13; Smith v. State, 93 Id. 20; Miller v. State 79 Id. 203. See, also, 1 Arch. Cr. Pr. & Pl. 291; United States v. Mann, 95 U. S. 580; United States v. Cruikshank, 92 U. S. 543; United States v. States, 8 How. 41; Pettibone v. United States, 148 U. S. 197.

Neither the first nor the second count allege that any overt acts were done to effect the object of the conspiracy, nor that the conspirators had any knowledge that Gifford had any such right as described in the second count or that he was about to enjoy or exercise such right. United States v. McCord, 72 Fed. Rep. 163; United States v. Cruikshank, supra; United States v. Reichert, 32 Fed. Rep. 145; Pettibone v. United States, supra; United States v. Carl, 105 U. S. 611.

When a statute creates a new right or offense and provides specific remedies or punishments, they alone apply. Such provisions are exclusive. Barnett v. Bank, 98 U. S. 555. See, also, Stafford v. Ingersoll, 3 Hill 38; Bank v. Land, 57 Barb. 429; Bank v. Dearing, 91 U. S. 29; United States v. Waddell, 112 U. S. 76; Same v. Same, 16 Fed. Rep. 221, 222.

Where the conspiracy charged has been executed, it should be set out with the particularity of an executed transaction. Brown v. State, 2 Tex. App. 115; McKee v. State, 111 Ind. 380; People v. Arnold, 46 Mich. 268; 3 Russell on Crimes [9 Ed.], 151; Rex v. Spragg, 2 Burr 993; Hazen v. Comm., 23 Pa. St. 364. See, also, United States v. Britton, 108 U. S. 199; United States v. Walsh, 5 Dill (U. S.) 61; United States v. Hess, 124 U. S. 486; Comm. v. Hunt, 4 Met.

(Mass.) 125; Comm. v. Wallace, 16 Gray 221; In re Benson, 58 Fed. Rep. 962; Alderman v. People, 4 Mich. 414; Brown v. State, 2 Tex. App. 115.

W. B. CHILDERS for the United States.

The indictment number 1209, was drawn under section 5508, Revised Statutes, United States, and alleges that Gifford was a citizen of the United States, and as such entitled to prospect for minerals, initiate, locate, establish and perfect a mining claim upon the public lands of the United States. United States v. Patrick, 54 Fed. Rep. 344; United States v. Waddell, 112 U. S. 76; U. S., Rev. Stat., sec. 2319.

The indictment 1209 charges such conspiracy fully, and the overt acts committed in pursuance thereof.    Section 5508 is constitutional.    United States v. Cruikshank, 92 U. S. 590; Ex parte Yarbrough, 110 Id. 651; United States v. Waddell, supra; In re Quarles, 158 U. S. 532; United States v. Logan, 144 Id. 293.

The court below was authorized in consolidating indictments 1208, 1209, by section 1024, Revised Statutes United States.    Logan v. United States, 144 U. S., supra.

MILLS, C. J.—At the September term, 1897, of the United States court held in the Third judicial district of this territory, the grand jury returned two indictments numbered respectively 1208 and 1209, against Nicholas Q. Patterson, James Haynes, William Johnson, William F. Gilliland, and Wilson Kountz.    Before arraignment and trial Patterson died.    On February 7, 1898, counsel duly entered appearance for the surviving defendants and on the following day they were formally arraigned and plead not guilty to both indictments.    On the seventeenth, on motion of the United States the two cases were consolidated and the defendants announced themselves ready for trial, which was immediately proceeded with.    The trial was finally concluded on the twenty-third of February, the jury finding the defendants guilty on both indictments, and the defendants were on the ninth of March,

sentenced.    On the same day a motion was filed for an appeal
to the supreme court of the territory (the 1898 term of which
began on the twenty-fifth day of July) and the court granted
the appeal, and ordered that a supersedeas issue, staying the
execution of the sentence pending the appeal, upon each of the
defendants giving bail within thirty days.    Nothing further
was done in the case until August 15, 1898, when the bill
of exceptions was signed by the judge who presided at the trial.

On the day succeeding the signing of the bill of excep-
tions, the United States filed a motion to strike the same from
the record, on the ground that it was signed and sealed after
the expiration of the time within which the court had the
power to sign and seal such bill of exceptions.
CRIMINAL law:    This motion was argued and was sustained, and
appeal:
transcript.    the bill of exceptions was stricken from the
record, which took from our consideration the
evidence introduced at the trial, all objections made, and ex-
ceptions saved, the instructions of the court to the jury, the
motion for a new trial, etc.    Afterwards the attorneys for the
appellant filed a motion to reinstate the bill of exceptions and
for a rehearing which was denied, and also a motion sug-
gesting a diminution of the record and asking that the clerk
of the Third judicial district court send up as a part of the
transcript of the record the motion in arrest of judgment, the
motion for a new trial, and the charge of the court.    This
motion was overruled except so far as the motion in arrest of
judgment was concerned, which leaves us only the record
proper to consider and the motion in arrest of judgment.
What the striking out of a bill of exceptions takes from us has
been definitely settled in this territory in the case of Territory
v. Chavez y Chavez, 50 Pac. 324.    In now considering the
motion in arrest of judgment, we desire to be distinctly under-
stood that we do not attack the principles laid down in the
Chavez case or seek to lessen its force.    We admitted the
motion because it only applies and touches upon what we
should in any event have had to consider, to wit, the validity

of the indictments and the errors that may appear in the record proper.

The reason which prompted us to sustain the motion of the United States and strike the bill of exceptions from the record is as follows:

The appeal was taken under the provisions of section 3140 of the Compiled Laws of 1897.   This statute was originally a part of the Kearny Code, and the present section in the Compiled Laws is identical with the original, except that the word "superior" which appears in the Kearny Code is changed to the word "supreme."   The part of the section which it is necessary for us to consider, reads:

"All appeals taken thirty days before the first day of the next term of the supreme court shall be tried at that term, and appeals, taken in less than thirty days before the first day of such term, shall be returnable to the next term thereafter; the appellant shall file in the office of the clerk of the supreme court, at least ten days before the first day of such court to which the appeal is returnable, a perfect transcript of the record and proceedings in the case.   If he fail to do so, the appellee may produce in court such transcript, and if it appear thereby that an appeal has been allowed in the cause, the court shall affirm the judgment, unless good cause can be shown to the contrary."

It will be observed that the motion granting the appeal was allowed on the ninth day of March, 1898, which was more than four months before the convening of the supreme court to which the appeal was taken, and according to the section above quoted the appellant had to file in the office of the clerk of the supreme court, at least ten days before the first day of such court to which the appeal was returnable, a perfect transcript of the record and proceedings in the case (i. e., in this case, ten days before July 25, 1898).   This court in the case of Territory v. Hicks, 6 N. M. 596, held that section 2189 of the Compiled Laws of 1884, now section 3140, of the Compiled Laws of 1887, does not apply to criminal cases.   We think that this holding was error, and to

that extent this case is overruled, and we hold that this section is mandatory, and that the district judge exceeded his authority when he signed and sealed the bill of exceptions at a later date than the statute by its terms permitted. Doubtless the learned judge had his own misgivings as to his right to sign at the very moment when he was affixing his name to the bill of exceptions, but the desire to grant everyone who wishes it, an appeal, is or should be strong in the bosom of any trial judge, and as the section in question had never been construed by this court, we think that he was right in signing the bill of exceptions as requested and giving the accused every opportunity to try and clear themselves.

If, under our law, a judge can legally sign and seal a bill of exceptions three weeks after the commencement of the term of court to which the appeal is returnable, why can he not wait for three years or any other length of time that will suit his convenience and the convenience of parties appealing?

With the record thus reduced we have but two points to consider, viz.:    First, are the indictments so fatally defective that the court had no jurisdiction and could not pronounce a valid judgment thereon; and DEFECTS in indictment: aider by plea. second, did the court commit error in consolidating the two causes and having them tried as one? It is unnecessary for us to set out the indictments in full. We have examined them carefully and are of the opinion that they contain no counts that are fatally defective. If errors are in them they are only such as could have been taken advantage of by demurring or moving to quash, and if overruled an exception should have been saved. This was not done. The appellants by having entered pleas and gone to trial without saving any exceptions, and a verdict having been rendered and judgment entered thereon, are now estopped from raising any objection to the sufficiency of the indictments which do not render them, or any judgment based thereon, absolutely void. All minor defects and inaccuracies are cured by the plea and judgment. It is a well settled

principle of criminal law, that the verdict of a jury will be sustained when the counts are manifestly for the same cause of action, if any of the counts in an indictment sustain the verdict.    1 Bishop on Criminal Procedure, sec. 841; 2 Thompson on Trials, sec. 2, p. 641.

This leaves us only to consider whether it was proper to consolidate indictments numbered 1208 and 1209 and try them as one.

This consolidation was made without objection being made by the defendants.    It was done on motion of the United States and immediately thereafter the the death of the defendant Patterson was suggested, and the remaining defendants expressed themselves as ready for trial.    The defendants did not ask for separate trials on the two indictments, and by not objecting and, if overruled excepting, consented to the consolidation.    As to this point, the record says:

CONSOLIDATION.

"And now the said defendants, James Haynes, William Johnson, William F. Gilliland and Wilson Kountz, in their own proper persons and accompanied by James S. Fielder, Esq., their attorney, and both parties announcing themselves ready for trial, issue being joined, there comes a jury, to wit:"

By failing to save an exception the defendants lost all right to thereafter object to the consolidation of the indictments.    Logan v. U. S., 144 U. S. 297.    And it comes with poor grace from them now to object to it for the first time. The right to consolidate indictments of this nature is also expressly given by section 1024 Revised Statutes of the United States.

In these cases the persons, acts, transactions and place were the same, and time and money was saved by the consolidation and by trying them as one.    Independently of the statute they probably could have been consolidated by the court.    Logan v. U. S., 144 U. S. 296.

This last mentioned case says, in speaking of the consolidation of suits, that they "might perhaps have been ordered

in the discretion of the court, to be tried together, independently of any statute on the subject."

We see no error in the judgments complained of, and the same are therefore affirmed.

Crumpacker and McFie, JJ., concur; Parker, J., having presided at the trial below did not sit.