**62 P.(2d) 1149**

**STATE v. BOGART.**

**No. 4237.**

Supreme Court of New Mexico.

Oct. 28, 1936.

Rehearing Denied Dec. 14, 1936.

W. A. Dunn, of Roswell, for appellant.

Frank H. Patton, Atty. Gen., and Quincy D. Adams, Asst. Atty. Gen., for the State.

HUDSPETH, Justice.

George Bogart was charged by information with the crime of operating a motor vehicle upon the highways of this State while under the influence of intoxicating liquor. He entered a plea of guilty and

was sentenced to a term in jail. A few days later he prayed for and was allowed an appeal to this court.

Appellant maintains that Trial Court Rule 35-4413, making it unnecessary to allege venue in an indictment or information, is in conflict with N.M.Const. art. 2, § 14, and therefore void; that, by reason of the absence of an allegation of venue, the information charged no offense, and, in consequence, the judgment was improperly entered. The section of the Constitution relied upon provides that the accused shall have "a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed."

Appellant argues that rule 35-4413, which says that an allegation charging the defendant with committing an offense shall in all cases be considered an allegation that the offense was committed within the territorial jurisdiction of the court, is a fiction created by rule, in conflict with the constitutional provision quoted above, which, he avers, contains a double guaranty, each dependent upon the other; i. e., (1) a trial by jury, and (2) that the jury shall be from the county in which the offense is alleged to have been committed. Appellant cites State v. Balles, 24 N.M. 16, 172 P. 196, and discusses Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036, where the syllabus is as follows: "A mere failure to allege venue, and thus affirmatively to show that the crime was committed within the territorial

jurisdiction of the court, does not deprive the court of jurisdiction over the cause."

The Constitution does not specifically require an allegation of venue in the information or indictment, and the rule gives the accused notice of the venue of the offense. Moreover, the territorial court held in Haynes et al. v. U. S., 9 N. M. 519, 56 P. 282, that the objection that the venue is not alleged is waived by a plea of guilty. The Constitution of the State of Kansas contains the identical provision relied upon by appellant, and the Supreme Court of that State, in Re Mote, 98 Kan. 804, 160 P. 223, said:

"It is contended that the last clause of the statute just quoted violates section 10 of the Bill of Rights, which provides:

"'In all prosecutions, the accused shall be allowed to appear and defend in person or by counsel; to demand the nature and cause of the accusation against him; * * * and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed.' * * *

"But none of these constitutional privileges were arbitrarily withheld from him. He might have invoked any or all of them. He might have demanded a jury trial in Finney county. He did not care to contest the state's accusation. He waived these privileges. He entered a plea of guilty.

"In the early case of State v. Potter, 16 Kan. 80, it was held: 'The constitutional

right of a defendant in a criminal action to be tried "by an impartial jury of the county or district in which the offense is alleged to have been committed" (Const. Bill of Rights, § 10) is a mere personal privilege which the defendant may waive or insist upon at his option. It is not a right conferred upon him from considerations of public policy; and public interests would not be likely to suffer by a waiver thereof' "—citing cases.

See, also, Kennison v. State, 83 Neb. 391, 119 N.W. 768; and 16 C.J. 184; 31 C.J. 874; 12 C.J. 774.

█ The appellant challenges the power and authority of this court to make valid rules prescribing the forms of indictment and information as set forth in rule 35-4446, which forms, counsel maintains, are mere legal conclusions and omit the substantive facts which the law theretofore required for charging the enumerated offenses. We recently had this proposition under consideration in the case of State v. Roy, 40 N.M. 397, 60 P.(2d) 646, and, after mature consideration, we decided the question against the contention of appellant. We adhere to that opinion.

Finding no error in the judgment, we conclude that it should be affirmed and the cause remanded, and it is so ordered.

SADLER, C. J., and BICKLEY, BRICE, and ZINN, JJ., concur.