*In the matter of the Petition of* JOSEPH BLACK *for a Writ of Habeas Corpus.*

1. CLERICAL ERRORS IN RECORD —*Power of Court to Correct.*    Courts of record have the power, in criminal as well as civil cases, to correct clerical errors appearing in the record of the proceedings of preceding terms of court, so as to make it speak the truth, where other parts of the record and official memoranda clearly show the existence of an error, and what correction should be made.

2. BURGLARY —*Judgment, Erroneous but not Void.*    Where an information charges burglary in the first degree, such charge includes burglary in the second degree also; and it is error for the court to receive a verdict finding the defendant guilty as charged without specifying the degree; but a judgment founded on such verdict, though erroneous, is not void.

3. HABEAS CORPUS —*Mere Errors not Reviewable.*    Mere errors and irregularities in the proceedings of the court are not reviewable on *habeas corpus*, where a petitioner seeks discharge from a commitment under process issued on a final judgment of a court of competent jurisdiction.

*Original Proceeding in Habeas Corpus.*

THE material facts are stated in the opinion herein, filed October 7, 1893.

*J. J. Hitt,* for petitioner.

*John T. Little,* attorney general, for respondent.

The opinion of the court was delivered by

ALLEN, J.: The petitioner, Joseph Black, was charged by the county attorney of Shawnee county with the crime of burglary in the first degree. He was tried in the district court, and, on the 23d of April, 1890, the following verdict was rendered: "We, the jury impaneled and sworn in the above-entitled case, do, upon our oaths, find the defendant, Joseph Black, guilty as charged in the information." On the 26th of April, 1890, he was sentenced to confinement at hard labor in the penitentiary for the term of 12 years from that day. The journal entry contains the following recital: "Thereupon the said defendant, Joseph Black, was duly arraigned for sentence, he having heretofore been convicted of the crime of burglary in the third degree, as shown by the verdict returned herein." The petitioner was thereupon committed to the penitentiary, where he has remained in confinement ever since. He now asks to be discharged therefrom, and his counsel contends in his behalf, that the judgment and the commitment issued thereon are void, because the judgment recites that the defendant was convicted of the crime of burglary in the third degree, the maximum punishment for which under the law is five years in the penitentiary.

Since the petition for a writ of *habeas corpus* was presented to this court, the district court in which conviction was had has made an order amending the original journal entry by striking out the word "third," and inserting the word "first," thereby making the record read: "Thereupon, the said defendant, Joseph Black, was duly arraigned for sentence, he having been convicted of the crime of burglary in the first degree, as shown by the verdict returned herein." It is conceded that a sentence to punishment in excess of that authorized by law would be void. Counsel for the petitioner contends that the record is conclusive; that the journal entry,

with its recitals, must be taken as we find it; that after the term of court at which the judgment was rendered, no change or alteration can be made in the record; that the petitioner, being confined in the penitentiary, cannot have his rights affected by any order the district court may make; and that the legality of his imprisonment must stand or fall by the final record as made up at the term of court at which he was tried. On the other hand, it is claimed that courts may always correct their records so as to conform them to the actual facts, and make them speak the truth; that this may be done in a criminal as well as in a civil case.

We think the general doctrine to be gleaned from the authorities is, that at the same term of court at which the defendant was convicted, and before execution of any part of the sentence, the court may change or amend the sentence either in form or substance; but that after the expiration of the term of court the judgment in fact pronounced by the court cannot be altered. If the clerk has failed or omitted to correctly record the judgment in fact rendered, there is some question whether the court may, merely from its own recollection of what transpired, or on oral proof, change the record after the adjournment of the term; but where enough appears in other parts of the record or official memoranda, entered at the time of the proceeding of the court, to show that a mistake has been made by the clerk, then the authorities are almost, if not quite, unanimous in holding that the correction may be made. The following authorities hold that the court has the power to correct errors in the record in criminal cases by *nunc pro tunc* entries made at a subsequent term: *Burnett v. The State,* 14 Tex. 455; *Commonwealth v. Weymouth,* 2 Allen, 144. In the case of *Ex parte Jones,* 61 Ala. 399, it was held "that the inherent common-law power of the courts to correct clerical misprisions, where its records furnish proper basis therefor, extends to criminal as well as civil cases." In the case of *In re Wright,* 134 U. S. 136, the court sustained an order of the circuit court directing the entry of a *nunc pro tunc* order as of a former term,

1. Clerical errors in record— power of court to correct.

where there were no written memoranda in the case on which to base such order, and it was held, that

"When it is found by a circuit court of the United States that the clerk has failed to put in the record an order which was made at the next preceding term of the court remanding a case to the district court, the circuit court may direct such an order to be entered *nunc pro tunc.*"

The chief justice and Justice Harlan dissented, however, holding that the court had no power to make such order, in the absence of any entry, minute or memorandum to proceed by. (See, also, 1 Freem. Judg., § 71.)

We think, however, it is well settled that the court cannot correct the judgment which was in fact rendered after the term is passed, the power to change or amend the judgment then being confined to the court having appellate jurisdiction. (Freem. Judg., § 70; Church, Hab. Corp., § 377; *Ex parte Lange,* 18 Wall. 163; *Tweed's Case,* 60 N. Y. 559; *Thompson v. Thompson,* 73 Wis. 84; *Stannard v. Hubbell,* 123 N. Y. 520.)

It is contended that, even conceding the power of the court to correct the record in accordance with the facts, the sentence actually imposed is unwarranted, and for that reason that the *nunc pro tunc* order of the district court cannot be upheld; that the defendant was charged with the crime of burglary in the first degree; that this charge includes burglary in the second degree; (*The State v. 'Behee,* 17 Kas. 402;) that the verdict of the jury fails to specify the degree of the offense of which they convicted the defendant, and therefore that, within the authority of *The State v. Reddick,* 7 Kas. 143; *The State v. Huber,* 8 id. 447, no judgment could be founded on the verdict. In the case of *The State v. Jennings,* 24 Kas. 642, this question was again before the court, and the cases of *The State v. Reddick,* and *The State v. Huber,* supra, were discussed by the court, and a majority of the judges expressed the opinion, that where a defendant is charged with murder in the

first degree, and a verdict rendered, finding him
guilty as charged in the information, such verdict
is not absolutely void, and a judgment entered
thereon, though it might be erroneous under the
authority of the former cases, if duly challenged, would not
be a nullity.

<div style="margin-left:0">2. Burglary—
judgment er-
roneous, but
not void.</div>

Where a defendant is in close confinement, and afforded no
opportunity to appear in court and protect his rights, the
power to correct records of conviction made at former terms
of court should certainly be exercised only with the greatest
caution.  The writer entertains serious doubts whether, in
any case, the judgment itself should be changed after the
term of confinement has commenced; but in this case it is
not attempted to change the punishment inflicted in any par-
ticular.  The only correction is of a recital, which, it appears
from the whole record, is clearly a clerical error.  The de-
fendant, being charged with burglary in the first degree, could
not have been convicted of burglary in the third degree, be-
cause the facts necessary to constitute that offense are not
included in the charge contained in the information.  The
verdict finds the defendant guilty as charged.  The majority
of the court, in *The State v. Jennings,* supra, seem inclined to
hold that this is in effect a finding that he is guilty of every
matter alleged against him in the information, and, therefore,
of burglary in the first degree; but this we do not need to
decide.

We think the facts that the defendant was charged with
burglary in the first degree, found guilty as charged, and
then sentenced by the court to a term of imprisonment only
authorized in case of a conviction for the highest degree of
the offense, warranted the court in correcting the recital, as
was done in this case.

We, then, have only to consider the further question, whether
the judgment is void because the verdict does not sustain it.
That it may be erroneous, will not avail the petitioner in this
case.  Section 671 of the code of civil procedure provides:

"No court or judge shall inquire into the legality of any

judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following:  .  .  .  Second, upon any process issued on any final judgment of a court of competent jurisdiction."

Mere errors and irregularities are not reviewable on a writ of *habeas corpus.* (Church, Hab. Corp., §. 348; *Franklin v. Westfall*, 27 Kas. 614; *Ex parte Nye*, 8 id. 99.)

3. Habeas corpus —mere errors not reviewable. We think the record in this case shows that the district court regarded the verdict as a verdict of guilty of burglary in the first degree, and proceeded to sentence the defendant accordingly.   In doing so, the court acted judicially, and judicially determined the effect of the verdict. If the court erred, the defendant had his remedy by appeal. He neglected to avail himself of that right.   We do not think he can now obtain his discharge from custody because of an erroneous decision of the court as to the force and effect of the verdict.   The writ will be refused.

All the Justices concurring.