CASE 90—INDICTMENT—SEPTEMBER 14.

# Hourigan v. Commonwealth.

APPEAL FROM MARION CIRCUIT COURT.

1. CHANGE OF VENUE—WAIVER OF OBJECTION TO JURISDICTION.—
   Where a criminal case in which there has been a change of venue is
   upon motion of defendant remanded to the court of original jurisdic-
   tion, he can not, after being tried and convicted in that court, com-
   plain that it had no jurisdiction.

2. SAME.—Where the defendant has obtained a change of venue without
   observing the formalities provided by the statute, the Commonwealth
   consenting, he can not, after being tried in the forum thus selected
   by him, question its jurisdiction.

3. SAME—The provision of the statute requiring that the record of a
   case, the venue of which has been changed, shall be filed in the court
   to which it is removed ten days before the first day of the next
   term of court, in order that it may stand for trial at that term, does
   not apply to criminal cases.

4. A VERDICT WILL NOT BE SET ASIDE ON ACCOUNT OF THE MISCONDUCT
   OF ATTORNEYS IN ARGUMENT TO THE JURY where the trial was in
   other respects fairly conducted, and it is apparent that no other ver-
   dict could have been rendered without misconduct on the part of the
   jury.

5. THE COURT DID NOT ABUSE ITS DISCRETION IN REFUSING A CONTINU-
   ANCE because of the absence of witnesses, on account of whose ab-
   sence continuances had repeatedly been granted, there being nothing
   to show that by a continuance their presence could be had at the
   next term, and the affidavit for a continuance being read as their
   deposition.

SAMUEL AVRITT FOR APPELLANT.

1. This court is not to determine the question of jurisdiction alone from
   an inspection of the indictment, but from the whole record. (Wal-
   ston v. Commonwealth, 16 B. M , 23.)

2. After the venue has been changed in a criminal case, there is no way
   known to the law by which it can ever get back to the county from
   which it was taken. (Gen. Stats., chap. 12, art. 4, secs. 7, 8.)

3. Consent can not give jurisdiction. (Lightfoot v. Commonwealth, 80
   Ky., 524.)

4. It was error not to compel the Commonwealth to admit as true the
   statements of the absent witnesses. (Bill of Rights, sec. 11.)

Hourigan v. Commonwealth.

5. The court be'ow committed an error in refusing to permit witness Alfred Isaacs to testify before the jury. The court can not send the jury out, and in a colloquy between the witness, the court and the attorneys, determine what the jury may hear and what not. The office of *voir dire* is simply to determine the competency of the witness. (Greenleaf on Evidence, sec. 424, p. 474, 13th ed.; *Idem*, sec. 425.)

6. The court erred in its instructions to the jury.

   One who is attacked with felonious intent is not under obligation to retreat. (6 Wait's Actions and Defenses, p. 644; State v. Dixon, 75 N. C., 275; Erwin v. State, 29 Ohio St., 186; 23 Am Rep., 733; McPherson v. State, 29 Ark., 225; Estep v. Commonwealth, 86 Ky., 39.)

   All instructions qualifying the right of self-defense, couched in such language as those given in this case, are erroneous and misleading, and leave the jury to determine what character of wrongful act deprives a man of the right. (Allen v. Commonwealth, 86 Ky., 645; Martin v. Commonwealth, 14 Ky. Law Rep., 493; Benningfield v. Commonwealth, 13 Ky. Law Rep.)

7. Attorneys for the Commonwealth were guilty of misconduct in their argument to the jury, and on that account a new trial should be granted. (Cupp v. Commonwealth, 87 Ky., 41.)

CHARLES PATTERSON AND S. A. RUSSELL OF COUNSEL ON SAME SIDE.

WM. J. HENDRICK, ATTORNEY GENERAL, AND FINLEY SHUCK FOR APPELLEE.

1. No objection was ever made to the jurisdiction of the court except by motion in arrest of judgment, and the only question raised by such a motion is as to the sufficiency of the facts stated in the indictment to constitute a public offense within the jurisdiction of the court. (Criminal Code, sec. 276.)

2. The court did not err in refusing a continuance on account of the absence of witnesses, as it was not shown that a continuance would bring the absent witnesses by the next term of court.

3. The instructions given were approved on the former appeal with the exception of No. 8, which was given on behalf of defendant; and those refused so far as they would have been proper, were embraced in instructions given.

4. As the whole argument of counsel is not given, the court can not determine whether the parts complained of were improper.

H. W. RIVES ON SAME SIDE.

1. If in other respects the trial was fairly conducted, and it is apparent that

no other verdict could have been rendered without misconduct on
the part of the jury, the verdict should not be set aside on account
of misconduct of counsel for the prosecution. (O'Brien v. Common-
wealth, 89 Ky., 361; Rankin v. Commonwealth, 82 Ky., 424; State
v. Hamilton, 55 Mo., 520; Thompson v. Bartley, 27 Pa. St., 263;
Shuler v. State, 105 Ind., 289; Boyle v. State, *Idem*, 469; Porter v.
Throop, 47 Mich., 313; State v. Zumhenson, 7 Mo. App., 526;
Lamar v. State, 65 Miss., 93.)

Especially will improper remarks of counsel be disregarded when
provoked or called forth by like remarks of opposing counsel, or
made in reply to such remarks. (Jenkins v. N. C. Ore Dressing Co.,
65 N. C., 563; Rea v. Harrington, 58 Vt., 181.)

2. No absolute and indefeasible right was attempted to be surrendered or
disregarded, and any other right may be waived by a prisoner when,
in his opinion, it is to his interest to waive it. (Parker v. Common-
wealth, 12 Bush, 191.)

3. If the original change of venue had been improperly made, or for any
reason was so defective that it failed to transfer jurisdiction, it was
the duty of the Taylor court to remand the case to the court from
which the attempted transfer came. (Miller, &c., v. Cabell, &c., 81
Ky., 178.)

And if the court erred in remanding the case it could not affect
the jurisdiction; and certainly it is now too late for the defendant to
object to the jurisdiction after being tried in the county of his own
selection. (Kennedy v. Commonwealth, 78 Ky., 447; Lightfoot v.
Commonwealth, 80 Ky., 522.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

In June, 1888, the appellant was indicted in the
Marion Circuit Court for the murder of Samuel Hays.
At the following term of that court, he obtained, in
the regular way, a change of venue to Taylor county,
and at his first trial there was found guilty, and his
punishment fixed at confinement in the State peniten-
tiary for life. He was granted a new trial by that
court. The case was brought to this court by the
Commonwealth to have the rulings of the lower court
reviewed and the law of the case settled. (See Com-
monwealth v. Hourigan, 89 Ky., 305.) Subsequently,
two other trials were had in the Taylor Circuit Court.

The juries failed to agree each time.    Finally, in April, 1893, on the motion of the defendant, the Commonwealth not objecting, the case was remanded to the Marion Circuit Court.    At the succeeding term of the latter court, the defendant appeared on the calling of the case and moved to set aside the order entered at a former term transferring the cause by change of venue to Taylor county, which was done. His motion for a continuance was overruled and a trial had, which resulted in his conviction for manslaughter, the jury fixing his punishment at confinement in the penitentiary for ten years.    His motion in arrest of judgment for want of jurisdiction in the Marion Circuit Court and for a new trial on various grounds being overruled, he has appealed to this court.

The first question is, whether the Marion Circuit Court had jurisdiction of the case.    Appellant's counsel contend that the case was properly removed from Marion county, after which the Marion Circuit Court had no more jurisdiction over it than if it had never been there; that there is no way known to the law by which it could ever get back there, as chapter 12 of the General Statutes provides that but one change of venue shall be granted in any case; that the Taylor Circuit Court had no authority to set aside the order of the Marion Circuit Court sending the case to Taylor county, and the Marion Circuit Court had no power in 1893 to set aside its order of transfer made in 1888; that while the indictment shows that the alleged crime was committed in Marion county, the record also shows that the Marion Circuit Court,

by its order of transfer, has lost all jurisdiction over the case, and that, as consent can not confer jurisdiction, the consent of the accused to the transfer and trial in Marion does not affect the question. With these views we can not concur. The motion of the defendant was simply to remand the case to the court of original jurisdiction. We think the Taylor Circuit Court had jurisdiction over this motion. It had the right to pass on it. The statute has no application, and presents no bar to the jurisdiction of the court in passing on the motion to remand.

The object of the law in providing for a change of venue is to afford the accused a trial in a community where the state of public opinion is such as that he can have a fair hearing, or is not such as to prevent it. Ordinarily he accomplishes this result by filing his petition and supporting it by the affidavits of others. But he may obtain the same result without observing these forms, the Commonwealth consenting. Whatever method is observed, he is but selecting a tribunal in which to be fairly tried.

These formalities provided by the statute may be regarded as so many hindrances to the attainment of his purpose. Therefore, if they are waived, and he selects his forum and submits himself to the jurisdiction, upon what principle can he afterwards complain? No constitutional or inalienable right is parted with or indeed any right; on the contrary, by the overt act of the defendant, he obtains directly what the statute gives him only through the observance of certain forms. In Lightfoot v. Commonwealth, 80 Ky., 524, it

is said: "He," the accused, "will not be allowed, after being tried in the county of his own selection, to say that the verdict against him is void for want of jurisdiction in the court trying him. Consent can not give jurisdiction; but the purpose of the statute being to secure an impartial trial and authorizing a removal of the cause by the accused from the vicinage, the spirit, if not the letter of the statute, will sustain a verdict of guilty or of an acquittal, when the accused selects the county in which he is to be tried, although it may not be in a county adjacent to that in which the offense is committed."

The appellant complains because the record from Taylor county was filed in the Marion Circuit Court at the April term, when he was at once tried; that, as the statute provides in civil cases that a case does not stand for trial in the court to which it is removed, unless the record has been lodged with the clerk of the court ten days before the first day of the next term of court, such rule should be adopted in criminal cases. It is sufficient to say that there is no such statutory requirement, and no reason for any. The case was fixed for a day certain, in the order remanding the case, obtained on motion of the accused. The motion for a continuance by reason of the sickness of counsel was also properly overruled. The attorney whose sickness was urged as a ground therefor was present and participated in the trial.

There appears to have been no lack of counsel either in respect to numbers or ability to conduct the defense skillfully and zealously. Some stress is laid on what is charged as misconduct on the part of the attorneys

representing the Commonwealth in their argument.
But if, as has been repeatedly held, the trial in
other respects was fairly conducted, and it is ap-
parent that no other verdict could have been ren-
dered without misconduct on the part of the jury—
as we clearly think was the state of case here from
a careful reading of the evidence—the verdict should
not be set aside on such ground. (O'Brien v. Com-
monwealth, 89 Ky., 361; Rankin v. Commonwealth,.
82 Ky., 424.)

The witnesses, on account of whose absence a
continuance was asked, were all present and testified,.
save Hughes, Raney and Pipes, who had repeatedly
been absent before and the case continued for them.
It was not shown that by a continuance they could
be had at the next term. This was the fourth trial,
and the discretion allowed the court under section
189 of the Criminal Code, in permitting the affidavit
for continuance to be read as the deposition of the
absent witnesses was, we think, not abused in this
case. There was no error in the instructions given,
and none committed in refusing those offered by
the defendant. The law of the case was substan-
tially settled on the former appeal.

Judgment affirmed.