*In re* McNeil.

---

*In re* ALEXANDER McNEIL, *Petitioner*.

No. 13,788. (74 Pac. 1110.)

SYLLABUS BY THE COURT.

ASSAULT AND BATTERY—*Illegal Fine—Right to be Discharged on Habeas Corpus.* The punishment for assault and battery is fixed by section 2028, General Statutes of 1901, at a fine not to exceed $500 or by imprisonment not exceeding one year. The petitioner was convicted of a violation of said section of the statute and sentenced to imprisonment in the county jail for a term of three months *and* to pay a fine of one dollar, and to stand committed until the fine and costs were paid. He paid the fine. *Held*, that the prisoner is entitled to be discharged on *habeas corpus*.

Original proceeding in *habeas corpus*. Opinion filed January 9, 1904. Petitioner discharged.

*Clark A. Smith,* for petitioner.

*F. J. Knight,* and *Park B. Pulsifer,* for respondent.

The opinion of the court was delivered by

SMITH, J. : The petitioner was convicted in the district court of Mitchell county of assault and battery. He was sentenced to imprisonment in the county jail for a term of three months and to pay a fine of one dollar, and to stand committed until the fine and costs were paid.   The penalty for the offense of assault and battery is found in section 2028, General Statutes of 1901.   That section reads :

"Any person who shall assault, or beat, or wound another under such circumstances as not to constitute any other offense herein defined, shall upon conviction thereof be fined in a sum not exceeding five hundred dollars, or by imprisonment not exceeding one year."

The prisoner paid the fine assessed against him and has sued out this writ of *habeas corpus,* seeking his discharge on the ground that the court was without power to assess a punishment of fine and imprisonment upon him, when the statute authorizes either one or the other, and not both.   We think the court was without power to inflict the punishment imposed.

In *Ex parte Lange,* 18 Wall. 163, 21 L. Ed. 872, the prisoner was convicted of appropriating to his own use mail-bags of a value of less than twenty dollars. The punishment for the offense under the statutes of the United States was imprisonment for not more than one year *or* a fine of not less than $10 nor more than $200.   The petitioner was sentenced to one year's imprisonment *and* to pay $200 fine.   In an exhaustive opinion delivered by Mr. Justice Miller, the prisoner was discharged.

Touching the question of the power of this court to consider the illegality of the sentence raised by counsel for the respondent, we quote from the case cited, at page 176 :

"It is no answer to this to say that the court had jurisdiction of the person of the prisoner, and of the offense under the statute. It by no means follows that these two facts make valid, however erroneous it may be, any judgment the court may render in such case. If a justice of the peace, having jurisdiction to fine for a misdemeanor, and with the party charged properly before him, should render a judgment that he be hung, it would simply be void. Why void? Because he had no power to render such a judgment. So, if a court of general jurisdiction should, on an indictment for libel, render a judgment of death, or confiscation of property, it would, for the same reason, be void. Or if on an indictment for treason the court should render a judgment of attaint whereby the heirs of the criminal could not inherit his property, which should by the judgment of the court be confiscated to the state, it would be void as to the attainder, because in excess of the authority of the court, and forbidden by the constitution."

In *People, ex rel. Tweed, v. Liscomb*, 60 N. Y. 559, 19 Am. Rep. 211, the prisoner was amenable after his conviction to one year's imprisonment and a fine of $250. Having been found guilty on twelve counts, the court sentenced him to twelve successive terms of imprisonment of one year each, and two fines of $250 each; on other counts to additional fines, amounting in all to $12,500. After an imprisonment of one year, and having paid one fine of $250, he made application for a writ of *habeas corpus* to inquire into the legality of the continued imprisonment. It was held that the court was without legal power to impose the sentence, and the prisoner was discharged. It was also held that jurisdiction of the person of the pris-

oner and the subject-matter are not alone conclusive, but the power of the court to render the particular judgment is a proper subject of inquiry on *habeas corpus*. This court, in the case of *In re Dill, Petitioner*, 32 Kan. 668, 5 Pac. 39, 49 Am. Rep. 505, held to the same doctrine. (See, also, *Ex parte Wilson*, 114 U. S. 417, 5 Sup. Ct. 935, 29 L. Ed. 89; *Ex parte Cox*, 3 Idaho, 530, 32 Pac. 197.)

The petitioner will be discharged.

All the Justices concurring.