*In re* WILLIAM HOWARD, *Petitioner.*

No. 14,517.     (83 Pac. 1032.)

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Judgment and Commitment Void for Uncertainty.* A judgment and commitment to the penitentiary which recite only that the defendant pleaded guilty to a charge of grand larceny and that the court sentenced him "to confinement and hard labor in the state penitentiary of the state of Kansas until discharged therefrom by due course of law" are both void for uncertainty.

2. ―――― *Indeterminate Sentence—Judgment of Imprisonment—Requisite.* A judgment of imprisonment, to be valid, especially under the indeterminate-sentence law, must be so definite and certain in its terms that both the convict and the officer upon whom its execution devolves may know therefrom the term of imprisonment.

3. ―――― *Record of Conviction—Name and Degree of Crime.* Under an indeterminate sentence the law and not the court determines the duration of punishment, and the record of a conviction and sentence should set forth fully the name and degree of the crime of which the conviction was had; and, if different penalties attach to different classes of the same degree of the crime, the record should also disclose the particular act or class of which conviction was had.

4. ―――― *Indeterminate-sentence Law — Penalty — Mitigation.* This law imposes the extreme penalty prescribed by the crimes act for each degree, act or class of crime, and makes provision for the mitigation of such penalty.

Original proceeding in *habeas corpus.* Opinion filed November 11, 1905. Writ granted conditionally.

*Robert D. Garver,* for petitioner.

*C. C. Coleman,* attorney-general, for respondent; *Clad Hamilton,* of counsel.

The opinion of the court was delivered by

SMITH, J.: The petitioner was prosecuted in the district court of Johnson county on an information charging him with stealing chickens in the night-time. The

18—72 KAN.

*In re* Howard.

following is the record of the proceedings had on such information:

"Now, on this day comes plaintiff, by Charles C. Hoge, county attorney, and attorney for the prosecution, and as well also comes defendant's attorney, Chancy B. Little, who announces to the court that the defendant herein is in the custody of P. K. Hendrix, sheriff of Johnson county, Kansas, and is in the jail of said county, and is desirous of pleading guilty at this time to the information herein.

"Thereupon the court orders said sheriff to produce the body of said defendant in open court. And said order having been obeyed, said defendant duly appears in open court, in his own proper person, and by Chancy B. Little, his attorney.

"Thereupon the defendant is duly arraigned, and listens to the reading of the information, as read by the clerk, and charging him with grand larceny; and is required to plead thereto. And thereupon defendant pleads guilty.

"And now this cause comes on for judgment and the sentence of the court against the defendant, William Howard, upon the plea of guilty, heretofore entered against him herein, upon arraignment upon the information filed against him herein for the crime of grand larceny, and thereupon comes Charles C. Hoge, county attorney for Johnson county, Kansas, on behalf of the prosecution as before, and by order of the court the defendant is brought into court by the sheriff of said county, and appears in court in his own proper person, and by Chancy B. Little, his attorney, and the defendant, being now caused to stand before the court, is informed by the court of the plea of guilty, heretofore pleaded by him herein, upon arraignment to said information filed against him herein by the said county attorney aforesaid for grand larceny, and is asked by the court whether he has any legal cause to show why judgment and sentence of the court should not be pronounced against him upon the said plea of guilty herein; and, no sufficient cause being alleged by the defendant, or appearing to the court, why such judgment should not be pronounced,

"It is, therefore, now by the court here considered, ordered and adjudged that the said defendant, William Howard, be and he is hereby sentenced to confinement and hard labor in the state penitentiary of the state of

Kansas until discharged therefrom by due course of law; and that he pay the costs of the prosecution herein against him, taxed at $———, and that execution issue."

The petitioner alleges that this judgment is void, and that he is unlawfully deprived of his liberty and imprisoned in the state penitentiary by the warden thereof (whom he has made respondent), claiming to act under authority of such sentence. The respondent moves to quash the writ on the ground that the petition does not state facts sufficient to entitle the petitioner to the relief prayed for, and the case is submitted on the petition and motion.

There are only two degrees of larceny under the crimes and punishments act of this state, viz., grand larceny, and petty larceny; but there are two penalties for acts defined as grand larceny. Thus, upon conviction of certain acts defined as grand larceny, a penalty of imprisonment not exceeding seven years is prescribed, and for the commission of certain other acts defined as grand larceny, imprisonment not exceeding five years is prescribed. To the latter class the stealing of domestic fowls in the night-time was added by chapter 218 of the Laws of 1903.

Prior to the enactment of the indeterminate-sentence act (Laws 1903, ch. 375) the trial court, upon the conviction of an accused of grand larceny, having knowledge of the particular acts charged, pronounced a certain determinate sentence of imprisonment. If the criminal act fell in the seven-year class, imprisonment was imposed for seven years or some definite shorter term; if in the five-year class, the sentence was for five years or some definite term shorter than five years. Hence there could be no confusion or uncertainty, even if the record were not made in compliance with section 5699 of the General Statutes of 1901, which reads:

"Whenever judgment upon a conviction shall be rendered in any court, the clerk of such court shall enter

such judgment fully on the minutes, stating briefly the offense for which such conviction shall have been had, and the court shall inspect such entries and conform them to the facts; but the omission of this duty either by the clerk or judge shall in no wise affect or impair the validity of the judgment."

Under the statutes in force prior to the enactment of the indeterminate-sentence act an accused found guilty of the crime of grand larceny might have been sentenced to confinement and hard labor in the penitentiary for four years. If the record disclosed only these two facts—the conviction and the sentence—it would have been impossible to tell whether the crime committed was one for which the extreme penalty was five years or seven years. The convict and the prison officials would, however, have known definitely that the convict was placed in their keeping for a definite term of four years, not to be exceeded in any event, but which might be reduced by good conduct under the rules of the prison.

Under the sentence in question the warden knows only that the court attempted to sentence the petitioner to the extreme penalty for grand larceny (*The State v. Page,* 60 Kan. 664, 57 Pac. 514), but he has no official knowledge as to whether that penalty is five or seven years' imprisonment. It is urged that the extreme penalty for the crime of grand larceny is five years, except in certain specified cases in which it is seven years, and that the judgment should be presumed to be in the general class and not in the exceptional class; or, if the term of sentence be in doubt, the culprit should be given the benefit of the doubt and be held to have been sentenced to the shorter term. We cannot accept either of these contentions. A judgment of imprisonment, to be valid, must be so definite and certain in its terms that both the convict and the officer upon whom its execution devolves may know the term of imprisonment. (*Picket v. The State,* 22 Ohio St. 405; *The People, ex rel., v. Pirfenbrink,* 96

Ill. 69.) If the punishment attempted to be imposed by the judgment be greater than is authorized by law, the judgment is void. (*In re McNeil,* 68 Kan. 366, 74 Pac. 1110; *In re Dill, Petitioner,* 32 Kan. 668, 5 Pac. 39, 49 Am. Rep. 505.)

The statute prescribes one penalty for certain acts denounced as grand larcenies, and another penalty for certain other acts also denounced as grand larcenies. Hence the judgment must show in which one of the two classes of grand larceny the criminal act falls before a sentence under the indeterminate-sentence act can be imposed. This was not necessarily so under the preexisting statute, where the court determined the duration of punishment.

Under the indeterminate-sentence act the law, not the court, says what the duration of punishment shall be. (*The State v. Page,* 60 Kan. 664, 57 Pac. 514.) It imposes the extreme penalty, and then provides for its mitigation. Before it can be determined from the law what the extreme penalty is there must be a definite sentence to which the law can be applied, and any attempted sentence short of this is a nullity. Such is the attempted sentence in this case. The judgment is so indefinite and uncertain as to the particular grand larceny for which the defendant was to be punished that the law attaches neither extreme penalty thereto; and a commitment to imprisonment in the penitentiary for an unlimited time is a nullity. It is not a case of the imposition of a greater or of a less penalty than is authorized by law. It is a sentence to confinement and hard labor in the state penitentiary to which neither the court nor the law places any duration as to time. The attempted sentence being a nullity, the petitioner stands in the position of one who has not been sentenced at all. He has pleaded guilty to a definite charge of a crime, but has not been sentenced therefor.

We have not overlooked *In re Nolan,* 68 Kan. 796, 75 Pac. 1021, in which practically the same question was involved, and in which the decision was apparently ad-

verse to the conclusion herein reached. It will be observed, however, that the Nolan case was decided upon the authority of *In re Black, Petitioner,* 52 Kan. 64, 34 Pac. 414, 39 Am. St. Rep. 331, and on the question whether the defect in the verdict rendered the judgment thereon void. In the Nolan case the only question that is involved herein was ignored, and the court said that the Black case was "exactly in point" and quoted therefrom as follows:

"We think the record in this case shows that the district court regarded the verdict as a verdict of guilty of burglary in the first degree, and proceeded to sentence the defendant accordingly. In doing so, the court acted judicially, and judicially determined the effect of the verdict. If the court erred, the defendant had his remedy by appeal. He neglected to avail himself of that right. We do not think he can now obtain his discharge from custody because of an erroneous decision of the court as to the force and effect of the verdict." (Page 69.)

Now the indeterminate-sentence act was not in existence in 1893, when the Black case was decided, and that case is not authority on the question here involved. Nor does the Nolan case purport to decide the question to be decided here—whether the judgment was void for indefiniteness—although it might well have been determined therein. From what has been said it is apparent that the numerous decisions cited relating to judgments not under an indeterminate-sentence law can have little application to the case at bar.

The petitioner claims the indeterminate-sentence act of 1903 is unconstitutional. The case of *The State v. Page,* 60 Kan. 664, fully disposes of this contention adversely to him.

It is the judgment of this court that the sentence is void; but, the conviction being regular and valid, the petitioner ought not to be discharged. A valid judgment should be rendered, and the petitioner should be returned to the custody of the proper authorities for that purpose. If, however, this be not done within

*In re* Howard.

twenty days, the petitioner will be discharged from the warden's custody.

JOHNSTON, C. J., BURCH, PORTER, JJ., concurring.

GRAVES, J. (dissenting) : I dissent from the first paragraph of the syllabus, and the conclusion reached, in the foregoing opinion. The petitioner, by his voluntary confession made in open court, is guilty of grand larceny. No question of irregular or erroneous conviction, or miscarriage of justice in any way, is suggested. The sole cause given for his release is that the writ by which he is held is void because so indefinite and uncertain that it is impossible to ascertain therefrom the maximum punishment fixed by law for the crime of which he was sentenced. The statute defining grand larceny is as follows:

"Every person who shall be convicted of feloniously stealing, taking or carrying away any money, goods, rights in action or other personal property or valuable thing whatsoever of the value of twenty dollars or more, or any horse, mare, gelding, colt, filly, ass, mule, neat cattle, sheep, goat, hog, or in the night-time any domestic fowls, harness, or saddles, belonging to another, shall be deemed guilty of grand larceny." (Laws 1903, ch. 218, § 1.)

The statute fixing the punishment therefor is section 2070 of the General Statutes of 1901, which reads:

"Persons convicted of grand larceny shall be punished in the following cases as follows: First, for stealing a horse, mare, gelding, colt, filly, neat cattle, mule or ass, by confinement and hard labor not exceeding seven years; second, in all cases of grand larceny, except as provided in the two succeeding sections, by confinement and hard labor not exceeding five years."

The words "except as provided in the two succeeding sections," used in the above statute, have no significance, as the two succeeding sections do not refer to the same crime, and there never were two sections immediately following this section, enacted into the laws of this state, that applied to grand larceny. This sec-

tion was taken bodily from the Revised Statutes of Missouri of 1845, it being section 31 of article 3 of chapter 47 thereof, and was placed in the compiled laws of Kansas of 1855, commonly known as the "bogus statutes," and appears as section 31 of chapter 49 thereof. In the Missouri statute, from which this section was taken, the two sections immediately succeeding this were sections 32 and 33 of article 3 of chapter 47, which read:

"If any person shall entice, decoy, or carry away out of this state, any slave belonging to another, with intent to deprive the owner thereof of the services of such slave, or with intent to procure or effect the freedom of such slave, he shall be adjudged guilty of grand larceny, and punished by imprisonment in the penitentiary not less than five years.

"If any person shall aid or assist in enticing, decoying, or persuading, or carrying away, or sending out of this state, any slave belonging to another, with intent to effect the freedom of such slave, or to deprive the owner thereof of the service of such slave, he shall be adjudged guilty of grand larceny, and, upon conviction, shall be punished by imprisonment in the penitentiary not less than five years."

These are the two "succeeding sections" to which these words were evidently intended to refer. For some reason, probably an oversight, the compilers of the "bogus statutes" did not include these last two sections in the Kansas crimes act, and, therefore, the words "except as provided in the two succeeding sections" have never had any force or meaning in this state. Therefore, this section must now be read with these words eliminated, and the word "other" must be inserted after the word "all;" otherwise this clause is inconsistent with what precedes it in the same section.

The present law, under which the petitioner was sentenced, provides:

"The court imposing such sentence shall not fix the limit or duration of the sentence, but the term of imprisonment of any person so convicted shall not exceed the maximum nor be less than the minimum term

provided by law for the crime for which the person was convicted and sentenced, the release of such person to be determined as hereinafter provided." (Laws 1903, ch. 375, § 1.)

It also provides that the board of directors and warden shall constitute a prison board for the purposes therein stated. It is made the duty of the district judge pronouncing sentence, and the county attorney, to furnish the prison board with information concerning the prisoner, showing his industry, character, associations, disposition, and so forth, as may be required, and the prison board may also gather information deemed by it material from other officials and persons who have known the prisoner. The prison board may release prisoners on parole, under such rules as it may adopt, and after any prisoner has been on parole six months or longer the warden may in his discretion certify to the prison board that such prisoner can be finally released with safety to the public. If the board concur with the warden, a recommendation to that effect is sent to the judge who pronounced sentence, who is thereupon required to enter a final discharge of the prisoner from further liability under his sentence, and, upon approval of this proceeding by the governor, the prisoner goes free, with ten dollars cash, a new suit of clothes, and transportation home. From this it will be seen that the term of imprisonment in any case is indefinite and uncertain, except as to the extreme limit thereof. The court pronouncing the sentence names the crime, the law fixes the extreme limit of punishment, and the prison board really determines the term of imprisonment, not exceeding the legal maximum.

This court in its opinion in this case says, in effect, that in the case of grand larceny the mere statement of the crime in the judgment and writ of commitment make both void, for the reason that it is impossible for the prison board to tell therefrom whether the punishment fixed by law for such crime is for a period "not

exceeding seven years" or "not exceeding five years." A judgment may be uncertain and indefinite and still be valid. Before it can be held to be void for this reason it must be so uncertain and indefinite that it is impossible to ascertain its meaning with reasonable certainty.

In this case there is very little difficulty, it seems to me, in ascertaining from this judgment the punishment prescribed by law for this petitioner. He is guilty of grand larceny. This offense is clearly defined in the statute first hereinbefore quoted. The punishment is prescribed in section 2070, above quoted. For stealing any of the property mentioned in the first clause of that section the punishment is "not exceeding seven years." The petitioner was not charged with, did not plead to and was not convicted of stealing any of the property therein specified, and therefore he cannot be imprisoned seven years. But this fact does not acquit him of the offense. The punishment prescribed for stealing any other property embraced in the definition of grand larceny is "not exceeding five years." No other punishment being prescribed for grand larceny, it follows that it must be one or the other of these two periods. Where there are two things, and one is eliminated, the remainder is not difficult to determine.

It is claimed that because the kind of property stolen is not specified in the judgment it is impossible to determine the extent of punishment applicable. It may be conceded that if the kind of property stolen were stated in the writ as it is in the opinion of the court it would be more definite, but it does not follow that the absence of this specification makes the judgment or writ void. When it is conceded, as it must be in this case, that a prisoner is guilty of a crime, it then follows that the lowest punishment prescribed by law for that crime is the proper punishment to inflict, unless there be something shown to indicate that a greater punishment is applicable.

*In re* Howard.

If this petitioner was the only person who could be affected by this decision it would not be very important, but a precedent is here established which applies to all prisoners, and to crimes of every kind and degree. Courts should always be vigilant to extend every protection given by the law to persons accused of crime, but after a person has been fairly and legally convicted of a felony, and asks to be absolutely relieved of the legal punishment therefor solely because of some defect in the papers by which he is held, the request should not be granted, unless its allowance is necessary for the protection of his legal rights and he is without other adequate remedy. This petitioner might have compelled the district court, by appeal if necessary, to make this judgment and writ as specific and definite as desired; but that is just what he does not want. He prefers to obtain absolute freedom by an appeal to that much-abused writ, which succeeded so well in this case.

The decisions of this court in the past have been strongly against all "general gaol delivery" proceedings. It has refused to assist convicted criminals in their efforts to avoid just and legal punishment on account of irregular or defective proceedings. It has refused to set aside judgments as void for uncertainty when, in my judgment, much greater reason was shown therefor than appears in this case. Under the law as it was before 1903 the time of imprisonment was specifically stated in the writ of commitment, which was the sole measure by which the years, months and days of the prisoner's incarceration were determined. Then certainty was essential and of great importance—much more so than now. To meet this necessity for certainty juries were required to state in their verdict, if the offense charged consisted of different degrees, the degree of which the defendant was found guilty. And yet, in a case where the defendant was charged with murder in the first degree, and of all the inferior degrees thereof, and the jury

returned a verdict of "guilty as charged in the information," without specifying any degree, and the court pronounced sentence for murder in the first degree, this court refused to set aside the judgment as void. (*The State v. Jennings,* 24 Kan. 642; *In re Black, Petitioner,* 52 Kan. 64, 34 Pac. 414, 39 Am. St. Rep. 331; *In re Nolan,* 68 Kan. 796, 75 Pac. 1025.)

My associates waive these decisions aside as inapplicable because rendered under a law different from the present statute. The difference, however, so far as applicable here, is that the prior law made certainty as to punishment in judgments and writs of commitment far more important than now. If these decisions were correct then, the writ of *habeas corpus* should be refused now. To restrain courts from using this "great writ of right" too freely section 671 of the code of civil procedure was enacted, which reads:

"No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following: . . . *Second,* upon any process issued on any final judgment of a court of competent jurisdiction." (Gen. Stat. 1901, § 5167.)

This statute does not apply where the process is absolutely void, as my associates have found the judgment and writ in this case to be. It is upon this finding that I disagree with them, and I only quote this statute to show that nothing short of absolute nullity will justify courts in setting aside writs issued to carry out sentences lawfully pronounced against convicted criminals. In the case of *In re Black, Petitioner,* 52 Kan. 64, 69, the court said:

"We think the record in this case shows that the district court regarded the verdict as a verdict of guilty of burglary in the first degree, and proceeded to sentence the defendant accordingly. In doing so, the court acted judicially, and judicially determined the effect of the verdict. If the court erred, the defendant had his remedy by appeal. He neglected to avail him-

self of that right. We do not think he can now obtain his discharge from custody because of an erroneous decision of the court as to the force and effect of the verdict."

So, in this case, the defendant had the right to insist upon and compel a clear and specific judgment in accordance with his plea of guilty. He did not do so. He should not now be allowed to escape punishment on the ground that the judgment is void, when from it can be ascertained with reasonable certainty the exact punishment prescribed by law for the offense to which he pleaded guilty and for which he was sentenced.

I am authorized to say that Mr. Justice GREENE and Mr. Justice MASON concur in this dissent.