No. 20,903.

## *In re* BOB MOTE, *Petitioner.*

SYLLABUS BY THE COURT.

1. BIGAMY—*Trial by Jury May be Waived—Plea of Guilty Waived Question of Jurisdiction.* The constitutional guaranties in section 10 of the bill of rights, which insure to every person accused of crime a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed, etc., are personal privileges which the accused may waive, and when they are freely waived by a person charged with crime, by a plea of guilty in a district court of general jurisdiction, it is too late thereafter to challenge the constitutionality of the statute conferring jurisdiction upon the court which imposed judgment upon him.

2. SAME—*Plea of Guilty in County Where Apprehended—Jurisdiction Can Not be Raised in Habeas Corpus Proceedings.* The constitutionality of section 2714 of the General Statutes of 1909 authorizing the prosecution of a bigamist "in the county in which the offender may be apprehended," can not be raised in a *habeas corpus* proceeding by a person who has waived his constitutional privileges and pleaded guilty to the crime of bigamy as charged in the information filed against him in the district court of the county in which he was apprehended.

3. SAME—*Indeterminate Sentence—Not Void for Uncertainty.* A judgment and commitment in a bigamy case recited that "thereupon the defendant . . . being duly arraigned enters his plea of guilty to the charge of bigamy as charged in the information filed in this case . . . and . . . the court thereupon finds the defendant . . . guilty of bigamy as charged in the information.

"It is therefore by the court considered, ordered and adjudged that the said defendant, Bob Mote, be confined at hard labor in the Kansas State Penitentiary, located at Lansing, Leavenworth County, Kansas, until discharged therefrom as by law provided," etc. *Held,* that such judgment and commitment are not void for uncertainty, and that the duration of the petitioner's imprisonment is governed by sections 225, 226 and 227 of the crimes act (Gen. Stat. 1909, §§ 2711-2713) and by the provisions of the indeterminate sentence act (Laws 1903, ch. 375, Crim. Code, §§ 272a-272j).

Original proceeding in habeas corpus. Opinion filed October 7, 1916. Writ denied.

*Paul C. Mails, Jesse A. Hall,* and *LeRoy T. Hand,* all of Leavenworth, for the petitioner.

*S. M. Brewster,* attorney-general, for the respondent.

The opinion of the court was delivered by

DAWSON, J.: This is an application for a writ of habeas corpus. The petitioner was apprehended and prosecuted in Reno county on an information charging him with having committed the crime of bigamy in Finney county. On arraignment he pleaded guilty and was sentenced to confinement in the state penitentiary "until discharged therefrom as by law provided." After serving some eighteen months of this sentence, he brings this proceeding, and contends (*a*) that the district court of Reno county did not have jurisdiction to accept his plea of guilty and to render judgment against him, and (*b*) that the duration of his sentence can not be ascertained from the judgment and commitment, and that they are therefore void for uncertainty.

The statute under which the petitioner was prosecuted in Reno county, in part, reads:

"An indictment [or information, Crim. Code, § 66] for bigamy as defined in the preceding sections may be found, and proceedings, trial, conviction, judgment and execution thereon had, in the county in which such second or subsequent marriage or the cohabitation shall have taken place, or in the county in which the offender may be apprehended." (Gen. Stat. 1909, § 2714.)

It is contended that the last clause of the statute just quoted violates section 10 of the bill of rights, which provides:

"In all prosecutions, the accused shall be allowed to appear and defend in person or by counsel; to demand the nature and cause of the accusation against him; to meet the witness face to face, and to have compulsory process to compel the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed. No person shall be a witness against himself, or be twice put in jeopardy for the same offense."

But none of these constitutional privileges was arbitrarily withheld from him. He might have invoked any or all of them. He might have demanded a jury trial in Finney county. He did not care to contest the state's accusation. He waived these privileges. He entered a plea of guilty.

In the early case of *The State v. Potter,* 16 Kan. 80, it was held:

"The constitutional right of a defendant in a criminal action to be tried 'by an impartial jury of the county or district in which the offense is

alleged to have been committed,' (Const. Bill of Rights, § 10,) is a mere personal privilege which the defendant may waive or insist upon at his option. It is not a right conferred upon him from considerations of public policy; and public interests would not be likely to suffer by a waiver thereof." (Syl. ¶ 5.)

To the same effect are *The State v. Kindig,* 55 Kan. 113, syl. ¶ 3, 39 Pac. 1028; *Lightfoot v. The Commonwealth,* 80 Ky. 516; *Hourigan v. Commonwealth,* 94 Ky. 520, 23 S. W. 355; *Ledgerwood v. The State,* 134 Ind. 81, 33 N. E. 631; *State v. Fitzgerald,* 51 Minn. 534, 53 N. W. 799; and *In re Blum,* 30 N. Y. Supp. 396, 9 Misc. Rep. 571.

The case of *The State v. Smiley,* 98 Mo. 605, 12 S. W. 247, cited and pressed by counsel, does not touch the question of waiver. As we read that report, it would appear that the accused, who was charged with the crime of bigamy committed in Johnson county, contested the jurisdiction of the Madison county court from the inception of the proceedings against him. That questions as to the jurisdiction of the court may be waived in Missouri as elsewhere, see *The State v. Gamble,* 119 Mo. 427, 24 S. W. 1030.

Until the statute (Gen. Stat. 1909, § 2714) is assailed by one whose constitutional guaranties are being taken or withheld from him without his waiver or consent we need not positively determine its constitutionality.

We perceive no legal infirmity nor uncertainty in the judgment and commitment. The petitioner pleaded "guilty to the charge of bigamy as charged in the information." This crime is defined by sections 225, 226 and 227 of the crimes act (Gen. Stat. 1909, §§ 2711-2713). The punishment may be a jail sentence, or confinement not exceeding five years in the penitentiary. Since he received a penitentiary sentence, the indeterminate sentence act (Laws 1903, ch. 375, Crim. Code, §§ 272*a*-272*j*) controls, and his confinement will be dependent largely upon his own good behavior, the minimum being for one year and the maximum five years. (*The State v. Page,* 60 Kan. 664, 57 Pac. 514.)

Nor does the slightest confusion arise from the fact that there is another statute (Civ. Code, §§ 674, 675) pertaining to premature marriages of divorcees, and which is also declared to be bigamy for which a penitentiary sentence is imposed. In

this latter sort of bigamy, which is purely statutory, the particulars would necessarily have to be recited in the judgment to show that the merely statutory offense was the one upon which the prosecution was based. The older statute covers the common-law crime of bigamy and is so well known and understood that the details of the offense were not required to be set forth in the judgment and commitment with such minute particularity. Furthermore, if the petitioner in fact did intend merely to plead guilty to the statutory offense defined by sections 674 and 675 of the civil code then his grievance is not that his sentence and commitment are void but that he is entitled to be discharged "according to law" under the latter statute when the duration of his sentence thereunder has expired. But even in that view of the case, his action at this time would be prematurely brought.

Even in the case of *In re Howard,* 72 Kan. 273, 83 Pac. 1032, where the judgment and commitment were held void for uncertainty, the petitioner was not given an absolute discharge but was ordered returned to the district court for a definite and certain sentence and judgment. This procedure was followed in the case of *In re Spaulding,* 75 Kan. 163, 88 Pac. 547. In the case of *In re McLean,* 84 Kan. 852, 115 Pac. 647, it was held in paragraph three of the syllabus that the information may be looked to for the purpose of interpreting the verdict in a criminal case, and the same reasoning permits its use for the proper interpretation of a judgment and commitment. The information in this case reads, in part:

"That on the 22 day of January A. D. 1915, in said county of Finney and State of Kansas, one Bob Mote then and there being, and then and there having a true wife living to wit: Lillian Mote, and having actual knowledge that he had said wife living, did then and there unlawfully, feloniously and wilfully marry another person to wit: Elizabeth Brooks and said Bob Mote was apprehended in Reno County, Kansas."

This clearly shows that the petitioner was charged with the familiar common-law crime of bigamy as defined by the crimes act (§§ 225-227, Gen. Stat. 1909, §§ 2711-2713), and his commitment "until discharged therefrom as by law provided" is for a term not less than one year nor more than five years, and it is not void on the grounds urged by the petitioner.

The writ is denied.