Brandon v. Mackey.

No. 27,320.

FRANK BRANDON, *Petitioner*, v. WILLIAM H. MACKEY, Warden of the Kansas State Penitentiary, *Respondent.*

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Sentence and Commitment—Sufficiency of Description of Offense—Reference to Information.* A judgment in a criminal case describing the offense of which the defendant was convicted as "breaking the prohibitory law" is not void on account of the indefiniteness of such description. The information can be referred to for the purpose of interpreting and making definite in that respect the judgment and commitment.

2. SAME—*Sentence and Commitment—Construction—"Sentences Being Cumulative."* The judgment in a criminal case sentencing the defendant to a like imprisonment on each of several counts in the same information, and containing the words "the sentences being cumulative," is to be interpreted and given the same effect as though it recited that the imprisonment on the second count should begin at the expiration of that on the first, and so on, following the numerical order.

Original proceeding in habeas corpus. Opinion filed December 11, 1926. Application for discharge denied.

*Benjamin F. Endres* and *Keefe O'Keefe,* both of Leavenworth, for the petitioner.

*Charles B. Griffith,* attorney-general, and *Roland Boynton,* assistant attorney-general, for the respondent.

The opinion of the court was delivered by

MASON, J.: Frank Brandon, charged with having violated the prohibitory law after a conviction upon a like charge, was convicted upon four counts and sentenced to imprisonment in the penitenitary for one year upon each. He served more than one year, and now asks to be discharged upon habeas corpus upon the ground that the judgment against him is void because of indefiniteness in the description of the offenses of which he was convicted, and that in any event his imprisonment for one year satisfied the entire judgment.

1. The journal entry of the judgment did not describe the offenses of which the defendant had been convicted otherwise than as "breaking the prohibitory law in four counts as charged in the information." The petitioner relies largely upon the case of *In re Howard,* 72 Kan. 273, 83 Pac. 1032. It was there said that a judgment and commitment to the penitentiary were void for uncertainty because

_____

Criminal Law, 16 C. J. pp. 1306 n. 97, 1321 n. 24; 7 L. R. A. n. s. 124; 8 R. C. L. 241.

the crime was described merely as grand larceny and the sentence (under the indeterminate sentence act) was to confinement "until discharged therefrom by due course of law." The basis of that decision, however, was that some of the several kinds of grand larceny are punished more severely than others, and as the papers delivered to the warden did not show of which kind the defendant had been convicted, the penitentiary authorities had no means of knowing how long he was to be held, the maximum period not being stated in the judgment. In the present case no such problem is presented. Commitment to the penitentiary for any violation of the prohibitory law is fixed by the statute at "not more than one year," and the judgment followed the language of the statute. While the sentence in that case was said to be void the prisoner was not discharged, and his discharge was ordered only in case a valid judgment should not be rendered within twenty days. It may be mentioned that no further steps were ever taken in the matter, because between May 23, 1905, when the case was begun here, and November 11, 1905, when it was decided, the petitioner had been discharged by the prison authorities—a fact which had not been brought to the attention of the court.

Moreover, since the decision in the Howard case we have held that the information may be looked to in a criminal case for the purpose of interpreting the judgment and commitment. (*In re Mote*, 98 Kan. 804, 807, 160 Pac. 223.) The information shows that the defendant was charged in the first count with having possession of a still, in the second with having had liquor in his possession, in the third with having made mash, and in the fourth with having maintained a place where liquor was sold.

2. The entry of the judgment shows that the defendant was sentenced "to serve a term in the state penitentiary at Lansing, Kan., not to exceed one year on each of the said four counts, the sentences being cumulative." The petitioner contends that because it was not stated that with respect to three of the counts the imprisonment was to begin at the termination of that upon one of the others, as provided by the statute (R. S. 62-1512), the terms were to run concurrently and have all been served in full. The omission of the trial court to insert such a provision in the judgment has been held to have that effect, but only in cases where no purpose was in any way shown to have the terms of imprisonment served consecutively rather than concurrently. (*In re Weisman*, 93 Kan. 161, 143 Pac.

487; *In re Wernsen,* 93 Kan. 625, 144 Pac. 1018.) Here the statement that the sentences are cumulative performs the function of the recital that the imprisonment upon each count except the first shall begin at the expiration of that on one of the others. That is what the word cumulative means in this connection, according to general usage and the lexicographers as well. No force would have been gained by following the very language of the statute or by adding that the penalties were not to run concurrently.

In *United States v. Patterson,* 29 Fed. 775, upon which and like cases the petitioner largely relies, the defendant had been convicted of the violation of several different parts of the national banking act. He was sentenced to imprisonment for five years upon each conviction, "said terms not to run concurrently." It was held that, notwithstanding the language quoted, the sentences did run concurrently, because there was nothing to indicate the order in which they were to be served, and therefore no means was afforded of telling what particular offense the prisoner was expiating at any particular time. There, however, the defendant was convicted upon three separate indictments, and there was nothing to guide the prison authorities as to the order of punishment. Here the petitioner was convicted upon four counts in the same information, and there being nothing to indicate that any other order was intended the natural and reasonable course is to follow the numerical order as shown in the information.

The federal circuit court of appeals for this circuit applied the rule of the Patterson case where the defendant had been convicted upon three counts of the same indictment (*Daugherty v. United States,* 2 F., [2d] 691). That decision, however, was reversed upon this point, the supreme court saying:

"Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. The elimination of every possible doubt cannot be demanded. Tested by this standard the judgment here questioned was sufficient to impose total imprisonment for fifteen years made up of three five-year terms, one under the first count, one under the second, and one under the third, to be served consecutively and to follow each other in the same sequence as the counts appeared in the indictment. This is the reasonable and natural implication from the whole entry. The words, 'said term of imprisonment to run consecutively and not concurrently,' are not consistent with a five-year sentence." (*United States v. Daugherty,* 269 U. S. 360, 363.)

The application for discharge is denied.