## AMBROSE DICKENS v. WM. CRANE, et al.

1. JUDGMENT—*Abstract not Necessarily Void.* Where a judgment from a justice of the peace is attempted to be transferred by an abstract filed under § 119 of the justices act, said abstract is not necessarily void for uncertainty on account of the omission of the dollar-marks before the amount of the debt and costs, nor on account of the omission of accurate punctuation points in denoting dollars and cents.

2. ABSTRACT OF JUDGMENT, *Not Void.* Where an abstract filed was otherwise in compliance with the statute, but stated the debt 1.0212, costs 7.3,20, such abstract may be read as debt, one dollar and two hundred and twelve ten-thousandths dollars; costs, seven dollars and three hundred and twenty thousandths dollars, or seven dollars and thirty-two cents. Therefore, such abstract is not void. (*Hunt v. Smith,* 9 Kas. 137.)

3. —————— In a collateral action, a party cannot challenge an execution levied upon real estate, upon the ground that it misdescribes the amount of the judgment upon which it is based, after confirmation and sale.

4. SHERIFF'S SALE OF REAL ESTATE, *Challenge of, Too Late.* Where an execution has been levied upon real estate and appraisement thereof been made, and without having such appraisement set aside, an *alias* execution is levied, and a second appraisement is had of the same property, it is too late, after sale, confirmation, and the execution of a sheriff's deed, to challenge the sale or other proceedings on account of any irregularities in the appraisement.

5. SHERIFF'S DEED, *Not Void on Face.* Where a sheriff's deed, founded upon the judgment of a justice of the peace and upon an *alias* execution issued by the clerk of the district court, recites, among other things, the issuing of a first execution on the abstract, the levy on the land, the appraisement, and no sale for want of bidders, and a return of the execution, then the filing of an amended abstract, the issuing of an *alias* execution on the amended abstract, the levy, appraisement and sale thereafter such deed does not set forth different judgments, and is not, for any of said recitations, void upon its face.

### *Error from Johnson District Court.*

ACTION by *Ambrose Dickens* against *William Crane* and others, brought August 28, 1882, in the district court of Johnson county, to partition the southeast quarter of section 5, township 13, range 22, in said county. The petition alleged, among other things, that the plaintiff was the owner in fee simple of the undivided two-eighths of said quarter-section.

*William Crane,* one of the defendants, filed an answer denying the interest of plaintiff in or to any part of said quarter-section.    At the March Term of the court for 1884, with the consent of all the parties, the case was referred to James P. Hindman, Esq., to try the issues of fact and of law as between the plaintiff, *Ambrose Dickens,* and the defendants, *William Crane, et al.,* and the referee was directed to report his findings of fact and conclusions of law at the next term of court.    It was admitted before the referee, by the plaintiff and defendants, first, that Barton Crane, at the time of his death, was the owner in fee simple and in the possession of the southeast quarter of section 5, township 13, range 22, in Johnson county, Kansas, being the premises in controversy, and that he died intestate, in 1878; second, that he left as his only surviving heirs, eight children, to wit: *William Crane,* James Crane, Thomas Crane, Susan Jane Crane (now Susan Jane Andrews), Samuel Crane, P. B. Crane, Carter Crane, and Frank Crane; third, that the defendants, Samuel Crane and P. B. Crane, were two of the sons and heirs of said Barton Crane, deceased.    The referee made his report at the June Term for 1884.    His findings of fact were as follows:

"1. That Barton Crane died intestate, at Johnson county, in the state of Kansas, on the —— day of April, 1878; that at the time of his death he was the owner in fee simple and in possession of the southeast quarter of section 5, in township 13 of range 22, in Johnson county, Kansas.

"2. That said Barton Crane left as his only surviving heirs, eight children, to wit: William Crane, James Crane, Thomas Crane, Susan Jane Andrews, Samuel Crane, P. B. Crane, Carter Crane, and Frank Crane.

"3. That on the 16th day of November, 1874, Ambrose Dickens, the plaintiff herein, obtained a judgment against P. B. Crane and Samuel Crane before D. Rolfe, J. P., Lexington township, Johnson county, Kansas, for the sum of $102.12, and costs of suit, amounting to $73.20; total judgment and costs, $175.32.

"4. That on the 3d day of September, 1879, plaintiff filed in the district court of Johnson county, Kansas, the abstract of said judgment set out in the evidence, and on the 17th day of

October, 1879, filed in said court the amended abstract set out in the evidence.

"5. That on the 6th day of September, 1879, an execution was issued by the clerk of said court, on said first-mentioned abstract of judgment, directed and delivered to the sheriff of said county, and by him levied on the undivided two-eighths interest in the southeast quarter of said section 5, township 13, range 22, in Johnson county, Kansas; that two-eighths interest in said premises had been levied on under said former execution, appraised and advertised and offered for sale under said execution, but not sold for the want of cash bidders; that said interest in said lands was appraised, advertised and offered for sale as the property of said P. B. Crane and Samuel Crane, under said *alias* execution, and sold, pursuant to said advertisement, to the plaintiff herein, for more than two-thirds of its appraised value, and that said sale was confirmed by said district court, and a sheriff's deed executed and delivered to plaintiff, March 16, 1882, a true copy of which deed is contained in the foregoing evidence.

"6. That in the year 1875, said P. B. Crane and Samuel Crane became fugitives from justice, and left the state of Kansas, and that said P. B. Crane has ever since been absent from this state; that said Samuel Crane was afterward, to wit, at the November, 1877, term of said Johnson county district court, convicted of the public offense of grand larceny, and sentenced by said court to confinement at hard labor in the penitentiary of the state of Kansas for the term of five years, and that said Samuel Crane was confined in said penitentiary under said sentence.

"7. That said judgment against P. B. Crane and Samuel Crane and in favor of plaintiff was never revived by the judgment or order of any court, and no action commenced by plaintiff to revive said judgment.

"8. That plaintiff claims title to the undivided two-eighths of said southeast quarter of section 5, township 13, of range 22, in Johnson county, Kansas, under said sheriff's deed.

"9. That defendant, Wm. Crane, claims title to the undivided four-eighths of said lands; to one-eighth as the heir of said Barton Crane; to three-eighths by conveyance of the interests of P. B. Crane, and Frank Crane, and Carter Crane, children and heirs of said Barton Crane."

The conclusions of law were:

"1. That the abstract of judgment filed in the Johnson

county, Kansas, district court, in the case of A. A. Dickens *v.* P. B. Crane and Samuel Crane, September 3, 1879, was void for uncertainty.

"2. That the sheriff's sale of the two-eighths interest in the above-described lands, and said sheriff's deed to plaintiff, are and were void, and conveyed no title to said lands to plaintiff.

"3. I find in favor of the defendant, Crane, and against the plaintiff, Ambrose Dickens."

To each and every one of said findings of fact and conclusions of law the plaintiff duly excepted. Plaintiff thereupon filed his motion to set aside the report of the referee, and for a new trial, upon the following grounds: First, that the decision and report of the referee were against the evidence; second, that said decision and report were contrary to the law and the evidence; third, that the findings and conclusions of law by the referee were contrary to the law, and were not supported by the evidence; fourth, for error of law occurring at the trial and excepted to by the plaintiff at the time. The motion was overruled, and the plaintiff excepted. Thereupon, Wm. Crane moved the court to confirm the report of the referee, and to enter judgment thereon according to the findings and conclusions of law therein set forth. This motion was sustained, and judgment rendered that Wm. Crane, defendant, have and recover of and from the plaintiff, Ambrose Dickens, his costs. The plaintiff excepted, and brings the case here.

*I. O. Pickering,* for plaintiff in error.

*S. E. McCracken,* and *J. W. Parker,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: On November 16, 1874, the plaintiff recovered a judgment against Samuel Crane and Peter B. Crane before a justice of the peace of Johnson county, in this state, for $102.12 and $73.20 costs. At the time of the rendition of this judgment, it does not appear that either Samuel Crane or Peter B. Crane had any property with which to satisfy the same. Subsequently, and in the month of April, 1878, Barton Crane, the father of Samuel and Peter B. Crane, died

intestate, seized and possessed of the quarter-section of land in controversy. He left eight children surviving him as his sole and only heirs. On September 3, 1879, plaintiff filed an abstract of his judgment in the office of the clerk of the district court of Johnson county, upon which execution was issued September 6, 1879, and levied upon the interests of said Samuel Crane and P. B. Crane in the land inherited by them from their father. The land was not sold under this execution, for want of bidders. On October 17, 1879, another abstract of the judgment was filed in the office of the clerk of said district court, and after the filing of this abstract — called in the record an amended or corrected abstract — an *alias* execution was issued, December 5, 1881. This was levied upon the undivided interests of Samuel Crane and P. B. Crane in said land, which was appraised, advertised and sold on January 26, 1882, to the plaintiff. The sale was confirmed March 6, 1882, and on March 16, 1882, a sheriff's deed was executed to the plaintiff. On August 28, 1882, this action was commenced against William Crane and the other defendants, to partition the land. William Crane, in his answer, denied that the plaintiff had any interest in the same. The other defendants were in default. The referee, who reported his conclusions of fact and of law, decided that the abstract of judgment filed September 3, 1879, was void for uncertainty. The court below affirmed this ruling. The first question, therefore, in the case, concerns this abstract. It was as follows:

"STATE OF KANSAS, JOHNSON COUNTY, *ss.*—*A. A. Dickens*, plaintiff, *v. P. B. Crane*, and *Samuel Crane*, defendants.— In Justice Court, before Daniel Rolfe, Justice of the Peace, Lexington Township, November 16, 1874.— Judgment entered for plaintiff: debt, 1.0212; costs, 7.3,20. I hereby certify that the foregoing is a full and correct abstract of a judgment rendered by me in the suit above entitled.

DANIEL ROLFE,
*A Justice of the Peace for Lexington Township, Johnson County, Kansas.*"

The contention of the defendant is, that the abstract was not in regular form; that it did not show any amount of judgment,

or rate of interest; and that as the dollar-marks and proper punctuation to denote dollars and cents were omitted, the abstract was a meaningless thing. With all this we do not concur. The abstract was somewhat defective, but was not wholly void for uncertainty, or for any other reason. The form of the abstract was in substantial compliance with the statute. (Comp. Laws of 1879, ch. 81, § 119.)

It was said in *Hunt v. Smith*, 9 Kas. 137, that —

"Whenever figures are used intending to represent money, such figures must of course be understood to represent 'dollars,' unless a different intention is clearly expressed. The point or dot resembling a period in punctuation, separating certain figures on the right from those on the left, is the decimal point. It makes the figures on the right decimals of a unit or whatever is intended to be expressed by those on the left. Those on the left, as we have already seen, are intended to represent dollars; hence, those on the right must represent decimals of dollars."

Applying this rule, the most that can be claimed of the abstract is, that the judgment shown was too small. The abstract should have stated, debt, $102.12; costs, $73.20. Instead of this, it shows a judgment in plaintiff's favor for debt, 1.0212; costs, 7.3,20; that is, debt, one dollar and two hundred and twelve ten-thousandths dollars; costs, seven dollars and three hundred and twenty thousandths dollars, or seven dollars and thirty-two cents. Therefore, while the abstract shows the judgment too small, it cannot, for that reason, or for the omission of the dollar-mark or other punctuation points, be called void or invalid. The *alias* execution of December 5, 1881, cannot now be declared void, on the ground that the amount of the judgment and costs mentioned therein were at variance with the abstract of September 3, 1879, even if that were the only abstract filed, as there has been a levy, a sale, and a confirmation under the execution. (Freeman on Executions, § 43; *Hunt v. Loucks*, 38 Cal. 372.) The defendants in the execution have at no time attempted to set aside the execution, or *alias* execution or sale, or any of the proceedings under the execution, and the question at this time is

not what the district court would have done with the *alias* execution and sheriff's sale if the defendants in the original judgment had moved to set them, or either of them, aside, as they might have done. Therefore, even if the *alias* execution were irregular, it was voidable only, not void. (*Cross v. Knox,* 32 Kas. 725; Freeman on Executions, *supra.*) If, however, the abstract filed October 17, 1879, be considered as an amendment or correction of the original abstract, then, as the *alias* execution followed that, said execution was not even irregular.

The next important question is, whether the sheriff's deed, executed March 16, 1882, is *prima facie* evidence of the title in the grantee—the plaintiff. As we have already held that the abstract of judgment filed September 3, 1879, was not void, and that it is too late after confirmation to challenge for irregularities the execution, or *alias* execution, the plaintiff has a good title to the interest in the land claimed by him, if the sheriff's deed is valid upon its face. The sheriff's deed reads as follows:

"*Know all Men by these Presents,* That whereas, Ambrose Dickens, on the 16th day of November, 1874, obtained a judgment before Daniel Rolfe, a justice of the peace of the township of Lexington, county of Johnson, and state of Kansas, against P. B. Crane and Samuel Crane, for the sum of one hundred and two and $\frac{12}{100}$ dollars, together with interest on said sum of money at the rate of 10 per cent. per annum, from November 1, 1874, until paid, and also for the sum of seventy-three and $\frac{43}{100}$ dollars as costs therein expended; and whereas, on the 3d day of September, 1879, a transcript of said judgment was filed in the office of the clerk of the district court within and for the county of Johnson, state of Kansas; and whereas, on the 17th day of October, 1879, an amended transcript of said judgment was duly filed in said clerk's office; and whereas, on the 6th day of September, 1879, an execution was duly issued on said judgment, and delivered to the sheriff of said county on said day, and for want of goods and chattels of said defendants was duly levied by the sheriff of said county upon the lands and tenements hereinafter described, on the 6th day of September, 1879, which said lands and tenements were duly appraised and advertised, but were not sold for want of cash bidders, and said execution was afterwards by said sheriff

duly returned unsatisfied in whole or in part; and whereas, afterward, to wit, on the 5th day of December, 1881, an *alias* execution of that date was issued to the sheriff of Johnson county, Kansas, upon and in pursuance to said amended judgment, commanding him that of the goods and chattels of the said P. B. Crane and Samuel Crane he cause to be made the said judgment and costs aforesaid, and for want of goods and chattels he cause the same to be made of the lands and tenements of the said P. B. Crane and Samuel Crane, and that he have the same before the court aforesaid in sixty days from the date of said execution, and that he then and there certify how he executed the same," etc.

It is claimed that the deed is void upon its face, because it shows that different executions were issued upon different abstracts. It is is further claimed that the deed is void upon its face, because the levy and appraisement under the first execution had never been set aside, and therefore that the sale upon the second levy and appraisement under the *alias* execution rendered the sale and all proceedings void. It is also claimed that the deed is void upon its face, because it shows that the second abstract was filed on October 17, 1879, and that the *alias* execution was not issued until December 5, 1881; and it is contended that at that date the judgment was dormant, and therefore that the execution was improperly issued. None of the supposed defects render the deed invalid. The deed does not state different abstracts, or different judgments. According to the deed, the abstract was filed September 3, 1879, and was amended October 17, 1879. As recited in the deed, it does not appear that two separate and distinct abstracts were filed. On the other hand, it does appear that the second abstract was merely an amendment to the former. As the first abstract was not void, the execution thereon of September 6, 1879, was issued within less than five years from the rendition of the judgment, and this arrested the running of the statute. The *alias* execution was issued within less than five years from the date of the first execution, and therefore the judgment was not dormant when the *alias* was issued and the land sold. Any irregularities in the appraisement cannot now be brought

into question even by the defendants in the execution, much less in a collateral action by a stranger to it.

Finally, it is contended by the defendant that the evidence on the part of the plaintiff shows that Samuel Crane, one of the persons under whom the plaintiff claims, was in the penitentiary of the state, serving out a sentence of five years, during the time a greater part of the proceedings under the judgment and abstracts were had, and that all the proceedings taken against him or his estate were absolutely void. The evidence does not sustain this statement. The judgment was rendered November 16, 1874. Crane was not sentenced to the penitentiary until November, 1877. The *alias* execution was issued December 5, 1881. The evidence shows that Samuel Crane must have been out of prison before the issuance of this execution, because on December 27, 1880, he appeared before a notary public in Johnson county, in this state, and acknowledged a deed to one Millie Crane. Further than this, there is no special finding by the referee that Samuel Crane remained in the penitentiary during the term for which he was sentenced.

The judgment of the district court will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.