*In re* WILBUR McLEAN, *Petitioner.*

No. 17,536.

SYLLABUS BY THE COURT.

1. VERDICT—*Not Rendered Indefinite by Omission of Word, or Mark for, "Dollars."* Where numbers òr figures are used in connection with a statement of value they are to be understood as referring to dollars unless a different intention appears. This rule applies to a statement in a verdict in a larceny case of the value of the stolen property. The omission to insert the word "dollars," or the corresponding mark, does not render the verdict indefinite.

2. ——— *Larceny—Value More Than Twenty Dollars—Grand Larceny.* To say in a verdict that a defendant is guilty of larceny of goods worth more than twenty dollars is equivalent to saying he is guilty of grand larceny.

3. ——— *Interpretation — Information.* The information may be looked to for the purpose of interpreting a verdict in a criminal case.

4. ——— *Specification by Jury of Degree of Guilt.* The re-

quirement of the statute that, where there may be a conviction of different degrees of an offense, the jury must specify of which degree they find the defendant guilty, is satisfied by a verdict which can apply to but one of the offenses or degrees charged in the information, although its language might also fit other offenses or degrees that are not there charged.

Original proceeding in habeas corpus.    Opinion filed May 6, 1911.    Petitioner remanded.

*W. F. Barber,* for the petitioner.

*John S. Dawson,* attorney-general, *E. R. Simon,* county attorney, and *James A. McClure,* assistant county attorney, for the respondent.

The opinion of the court was delivered by

MASON, J.:   Wilbur McLean, having been prosecuted upon a charge of grand larceny and sentenced to the penitentiary, asks to be discharged by habeas corpus upon the ground that the verdict against him was so indefinite as to be absolutely void.   The information charged the theft of wearing apparel worth more than twenty dollars.   The verdict read:

"We, the jury impaneled and sworn in the above-entitled case, do upon our oath find the defendant, Wilbur McLean, guilty of larceny, and find the value of the property taken to be twenty-eight (28.00)."

The petitioner claims that the expression "twenty-eight (28.00)" is meaningless for want of some word or character to indicate to what it refers.   Of a similar question it was said in *Hunt v. Smith,* 9 Kan. 137:

"In legal contemplation land can not be *assessed, appraised,* or *valued,* nor can *compensation* or *damages* be *awarded* therefor, except in money. . . .   Dollars are the legal money units of this country, made so by the laws of the United States. . . .   Hence, whenever figures are used intending to represent money, such figures must, of course, be understood to represent 'dollars,' unless a different intention is clearly expressed.   The point or dot, resembling a period in

punctuation, separating certain figures on the right from those on the left, is the decimal point. It makes the figures on the right decimals of a unit of whatever is intended to be expressed by those on the left. Those on the left, as we have already seen, are intended to represent dollars, hence those on the right must represent decimals of dollars. As only two figures on the right are thus separated from the others, these two figures must represent hundredths of dollars; or, in other words, 'cents.' This is well settled by almost universal usage everywhere in the United States." (p. 152.)

Some courts hold that this rule does not apply to the record of a judgment, owing to the high degree of certainty there required, but the great weight of authority is to the contrary. (1 Black Judg., § 118; *Snow v. West,* [Utah, 1910] 110 Pac. 52; *Dickens v. Crane,* 33 Kan. 344.) The omission to insert the word "dollars," or the equivalent mark, is held not fatal to a civil verdict. (16 A. & E. Ann. Cas. 475, note.)

In this state obvious omissions in a verdict may be supplied by interpretation, even in criminal cases. (*The State v. Wade,* 56 Kan. 75; *The State v. Pugh,* 75 Kan. 792. See, also, *O'Docharty v. State,* [Tex. Crim. App. 1900] 57 S. W. 657.) In the present case there is no room for doubt as to what the jury meant, and the effect of what they said is the same as though they had added the word "dollars."

The petitioner also contends that the verdict is void on the ground that it fails to comply with the statute reading:

"Upon the trial of any indictment or information for any offense, where by law there may be conviction of different degrees of such offense, the jury, if they convict the defendant, shall specify in their verdict of what degree of the offense they find the defendant guilty." (Crim. Code, § 239.)

A disregard of this statute does not render the sentence void, or justify a resort to habeas corpus. (*The*

*State v. Jennings,* 24 Kan. 642; *In re Black, Petitioner,* 52 Kan. 64.)    But here the statutory requirement seems to have been fully met, for the jury, in finding the defendant guilty of stealing property worth over twenty dollars did in effect specify that he was convicted of grand larceny.   True, so far as the face of the verdict discloses, the conviction might have been for the theft of a horse, or for some other form of larceny, the penalty for which is greater than for ordinary grand larceny.   But nothing of the kind was charged. It is only where the information charges different degrees of an offense that the statute quoted has any application.    (*The State v. Adams,* 20 Kan. 311, 329.) It was said in *The State v. Reddick,* 7 Kan. 143, 155, that the verdict must speak for itself.   But the meaning is that (as against a direct attack) the verdict can not be aided by the instructions.   The information may be looked to as a matter of course to interpret the verdict. (12 Cyc. 690, note 5; *Albritton v. State,* 54 Fla. 6, 12; *Armstrong v. The People,* 37 Ill. 459.)   The verdict necessarily relates to the accusation made, and the omission of the words "as charged in the indictment" is not important.    (12 Cyc. 690, note 11.)    A verdict of guilty which can apply to but one of the offenses or degrees charged in the information sufficiently complies with the statute requiring a specification of the degree, although its language may also fit other offenses or degrees that are not included in the charge.

In *In re Howard,* 72 Kan. 273, a judgment sentencing a defendant to the penitentiary until discharged by law showed merely that he had pleaded guilty to grand larceny, without indicating anything further as to the character of the charge.   As the maximum imprisonment for some forms of grand larceny is five years, and for others seven, it was held that the judgment did not show which period applied, and was therefore void. There are manifest reasons why a judgment should be required to be complete in itself that do not apply in

the case of a verdict—why the same fullness of expression is not required in the verdict, upon which the court itself is to act, as in the judgment, under which the penalty of the law is to be inflicted. Here the court interpreted the verdict in the light of the information, and found that the defendant had been convicted of that kind of grand larceny the extreme penalty for which is confinement for five years. This finding was recited in the judgment, which ordered a punishment in accordance therewith.

The petitioner is remanded.