*In re* CHESTER MOONEY, *Petitioner.*

No. 18,673.

SYLLABUS BY THE COURT.

1. HABEAS CORPUS—*Ambiguous Verdict—Intent of Jury, if Clear, Must Prevail.* Where the verdict in a criminal case is ambiguous, reference may be had for its interpretation to the instructions and to other forms of verdict prepared by the trial judge, which after submission to the jury were filed with the clerk; and where in view of the light so afforded it is clear that the verdict was intended as one of guilty, it will be so treated.

2. VERDICT—*"Guilty of Burglary and Larceny"—"Not Guilty of Burglary" — "Not Guilty of Larceny" — Interpreted — A Verdict of Conviction.* In a prosecution upon an information in one count, charging burglary and larceny, a finding by the jury that the defendant is guilty of burglary and larceny, and not of burglary, and not guilty of larceny, is to be regarded as a verdict of conviction, where the instructions stated that three offenses were charged, namely: (1) burglary and larceny, (2) burglary without larceny, and (3) larceny without burglary, and forms of verdict were submitted in which a finding of guilty upon each of the offenses so designated was accompanied by a finding of not guilty upon the other two, no other forms having been submitted excepting one of not guilty.

*In re* Mooney.

Original proceeding in habeas corpus. Opinion filed May 10, 1913. Petitioner remanded.

*I. A. Rigby, F. W. Sturges,* and *F. W. Sturges, jr.,* all of Concordia, for the petitioner.

*M. V. B. Van De Mark,* county attorney, and *S. N. Hawkes,* assistant attorney-general, for the state.

The opinion of the court was delivered by

MASON, J.: Chester Mooney was prosecuted upon an information which charged him in one count with committing burglary and larceny by breaking into a freight car and stealing goods therein. A verdict was returned in these words:

"We . . . find the defendant, Chet Mooney, guilty of the offense of burglary and larceny, as charged in the information; and we further find the defendant, Chet Mooney, not guilty of the offense of burglary and not guilty of the offense of larceny from a freight car as charged in the information."

The trial court treated this as a verdict of guilty, and held the defendant for sentence. The defendant regards it as a verdict of not guilty, or as a void verdict, and asks to be discharged from custody by habeas corpus. Any difficulty in understanding what the jury really meant by the verdict, when it alone is considered, disappears when it is read in connection with the instructions. The jury were therein told that the information charged three offenses, namely: (1) burglary and larceny combined; (2) burglary without larceny; and (3) mere larceny. Four forms of verdict were prepared by the judge, one being that adopted by the jury, which has already been quoted. A second recited a finding of guilty of burglary, not guilty of burglary and larceny, and not guilty of larceny; a third, guilty of larceny, not guilty of burglary and larceny, and not guilty of burglary; and the fourth,

not guilty of any of the offenses charged. A section of the crimes act reads:

"If any person in committing burglary shall also commit a larceny, he may be prosecuted for both offenses in the same count, or in separate counts in the same indictment; and on conviction of such burglary and larceny, shall be punished by confinement and hard labor, in addition to the punishment hereinbefore prescribed for the burglary, not exceeding five years." (Gen. Stat. 1909, § 2560.)

The trial judge obviously conceived that this section created a new offense, known as "burglary and larceny," which in a way was distinct from the two offenses of which it was composed, forming a sort of aggravated or compound burglary, as though the statute had said that burglary accompanied by larceny should be punishable by imprisonment for five years longer than in the case of simple burglary. Whether or not this conception was technically correct is not material. It worked no injury to the defendant. It was consistently followed throughout in drafting the instructions and forms of verdict. It was doubtless suggested to the court by the statutory language—a "conviction of such burglary and larceny," and perhaps also by the fact that a larceny perpetrated in committing burglary, if prosecuted in connection therewith, could increase the punishment by but five years, while considered as a separate offense, if committed in a freight car, it could be punished by imprisonment for seven years. (Gen. Stat. 1909, § 2570.) Plainly what the jury meant by their verdict was that the defendant had both broken into the freight car and stolen goods therein—that he was guilty of the offense which the instructions described as "burglary and larceny," and therefore not guilty of burglary without larceny, and not guilty of larceny without burglary, or apart from burglary.

In an early case this court held that the interpretation of the verdict in a criminal case can not be aided

by reference to the instructions. (*The State v. Reddick,* 7 Kan. 143, 155.) But this rule was applied in a capital case, upon a direct attack, and only with respect to the statutory requirement that, where there may be a conviction of different degrees of an offense, a verdict of guilty must specify the degree. (Crim. Code, § 239.) It has been well said that the doctrine of that decision ought not to be extended. (*The State v. Jennings,* 24 Kan. 642, 661.) There is no reason in the nature of the matter why, in interpreting the verdict in a criminal case, a court should not make use of anything in the proceedings that serves to show with certainty what the jury intended. And that course finds approval in the authorities. (*In re McLean,* 84 Kan. 852, 115 Pac. 647, 35 L. R. A., n. s., 653.)

"A verdict is not bad for informality if the court can understand it. It is to have a reasonable intendment, and is to receive a reasonable construction, and must not be avoided except from necessity." (*Polson v. The State,* 137 Ind. 519, 521, 35 N. E. 907, 908.)

"Verdicts are not to be construed as strictly as pleadings, but are to have a reasonable intendment and to receive a reasonable construction, and are not to be avoided unless from necessity, originating in doubt as to their import, from immateriality of the issue found, or their manifest tendency to work injustice." (29 A. & E. Encycl. of L. 1022.)

"A verdict is not to be construed with the same strictness as an indictment, but it is to be liberally construed, and all reasonable intendments will be indulged in its support, and it will not be held insufficient unless, from necessity, there is doubt as to its meaning. . . . The rule is that in determining the sufficiency of a verdict, and a judgment of conviction based thereon, the entire record will be searched and all parts of the record interpreted together, and a deficiency at one place may be cured by what appears at another." (*The People v. Tierney,* 250 Ill. 515, 520, 95 N. E. 447, 448.)

The charge to the jury in a criminal case forms no part of what is technically called the "record," but being in writing and on file with the clerk, it is a part of the public records, and its contents are capable of being ascertained with absolute certainty. The forms of verdict referred to seem also to have been preserved by the clerk and marked as a part of the files in the case, so that they are equally reliable as a means of showing what had taken place. The question whether the charge for which a defendant is on trial is the same as that of which he has previously been convicted or acquitted, must often be determined by evidence "independently of the record." (Underhill on Criminal Evidence, 2d ed., § 197.) No reason is apparent why in determining the effect of a verdict the court may not consider at least all writings on file in the case.

We think it clear that the verdict was intended as one of conviction, and hold that it should be interpreted and given effect as such.

The petitioner is remanded.

SMITH, and WEST, JJ., dissenting.