The State v. Mooney.

---

No. 19,142.

THE STATE OF KANSAS, *Appellee,* v. CHET MOONEY, *Appellant.*

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Burglary and Larceny May be Charged in One Count.* Under section 72 of the crimes act (Gen. Stat. 1909, § 2560) burglary and larceny may be charged in one count, and an information thus drawn is not subject to motion to quash or to require separate counts.

2. SAME—*Burglary and Larceny—Freight Car—Evidence—Seal Record.* In the trial of the defendant, charged with burglary and larceny in a freight car, the state introduced in evidence a seal record made and kept in the usual way by the railroad company to show that the car was sealed, the employee who had made the entry in such record not being present at the trial. *Held,* that an objection on the ground that such record was hearsay and secondary, and therefore incompetent, was properly overruled.

3. SAME—*Burglary and Larceny Separate Offenses—No Compound Offense of Burglary and Larceny.* There is no offense known to our statutes consisting of both burglary and larceny, but each is a separate offense although both be committed at the same time and place. Hence an instruction that the charge of burglary and larceny in a freight car embraced three offenses—burglary, larceny, and the offense of burglary and larceny—was erroneous, and the verdict rendered pursuant thereto finding the defendant guilty of the offense of burglary and larceny as charged in the information, and not guilty of the offense of burglary, and not guilty of the offense of larceny from a freight car as charged in the information, was not one upon which the defendant could be rightfully sentenced.

23—93 KAN.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion filed November 14, 1914. Reversed.

*I. A. Rigby, F. W. Sturges,* and *Fred W. Sturges, jr.,* all of Concordia, for the appellant.

*John S. Dawson,* attorney-general, *M. V. B. Van De Mark,* county attorney, and *W. P. Montgomery,* of Topeka, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant was charged with burglary and larceny committed in a freight car. The information contained but one count. From a judgment of conviction he appeals and assigns numerous errors. It appears that the defendant was a former railroad employee. That at Concordia a box containing whisky was received on its return from a shipment from Kansas City to a point farther west. The state claims that this box was at Concordia loaded into a certain freight car, which was properly sealed, and that the defendant burglarized the car, breaking the seal, and stole the whisky therefrom.

The motions to separately state and to quash on the ground that the two offenses were not charged in separate counts were properly overruled, in view of the provision of section 72 of the crimes act (Gen. Stat. 1909, § 2560).

In addition to certain other evidence properly received, the state introduced a record kept in the railway station which showed that the car was sealed, such record having been written by one who was not present as a witness. This appears to have been the company's seal record made up in the usual way, and we do not think the defendant's objection that it was hearsay and secondary, and therefore incompetent, well taken. (Civ. Code, § 384; *Cockrill v. Railway Co.,* 90 Kan. 650, 136 Pac. 322; *Barker v. Railway Co.,* 88 Kan. 767, 129 Pac. 1151, and cases there cited.)

Complaint is also made that the court permitted certain bloodhound evidence, and charged that this might be considered as a circumstance to assist in determining whether or not the defendant was guilty, but in this the rule laid down in *The State v. Adams*, 85 Kan. 435, 116 Pac. 608, appears to have been substantially followed.

All the other errors assigned may be properly considered under the head of the fourth, that the court erred in instructing that there were three offenses included in the charge, the highest being that of breaking and entering, in the nighttime, a railway freight car, with the intent to steal, and the stealing therefrom, which would constitute one offense, known in the law as burglary and larceny; that a second and lesser degree was such burglary without larceny, and a third and last was such larceny without burglary. Pursuant to these instructions, the jury rendered the following remarkable verdict:

"We, the jury, empaneled and sworn in the above entitled case, do upon our oath find the defendant, Chet Mooney, guilty of the offense of burglary and larceny, as charged in the information. And we further find the defendant, Chet Mooney, not guilty of the offense of burglary and not guilty of the offense of larceny from a freight car as charged in the information."

Literally, this verdict acquits the defendant of burlary and larceny, and convicts him of burglary and larceny. Manifestly, however, the jury understood from the charge of the court that if the defendant broke into and stole from the car, he was guilty of one specific offense known by the compound name of burglary and larceny; and, believing that he had done both, they not only said so, but took pains in the verdict to say that he had not done either. But verdicts in felony cases are too serious to be thus formulated. The court was in error because there is no such single offense known to the law as burglary and larceny. On the

contrary, the statutes specifically point out the definition and punishment applicable to each separate and distinct offense. (Gen. Stat. 1909, §§ 2556, 2557, 2559, 2560, 2570.) The only section even remotely treating the two offenses as one is 2560, which provides that if any person, in committing burglary, "shall also commit a larceny, he may be prosecuted for both offenses," in the same or in separate counts, and "on conviction of such burglary and larceny, shall be punished by confinement and hard labor, in addition to the punishment hereinbefore prescribed for the burglary, not exceeding five years." In sentencing the defendant the journal entry shows that the court adjudged him guilty of burglary in the second degree (one offense) and larceny (another offense). For the burglary in the second degree, the penalty imposed was confinement and hard labor for not less than five nor more than ten years, while for larceny not less than one nor more than five years, so the two offenses were in fact separately considered by the court, notwithstanding the instructions. Whatever was said in the case of *In re Mooney*, 89 Kan. 690, 132 Pac. 217, must be considered with reference to the question there involved, which was the right of the petitioner, the defendant here, to be discharged absolutely from custody on account of the verdict now under discussion.

While there is evidence that the seal to the door on the south side of the car was broken, still it appears to be undisputed that the door on the north side was out of repair, and so propped as to leave an 18-inch space at the top. There is much in the record to indicate that the defendant was not alone in whatever he did in reference to the stolen whisky. But these are matters for consideration when another trial shall be reached.

For the error in the instruction, followed by the inconsistent verdict, the judgment of conviction is reversed and the cause remanded for further proceedings.