No. 23,111.

URA FLANIGAN, as Administratrix, etc., *Appellee*, V. WALKER D. HINES, as Director General of Railroads, operating Missouri, Kansas & Texas Railway Company, *Appellant*.

### SYLLABUS BY THE COURT.

1. MASTER AND SERVANT—*Recovery Under Federal Liability Act—Injury Must Have Been Received While Engaged in Interstate Commerce.* In order that there may be recovery under the Federal employers' liability act (35 U. S. Stat. 65, ch. 149, § 1) of damages resulting from death of a railroad employee, the injured person as well as the carrier must have been engaged in interstate commerce when the injury occurred.

2. SAME — *Federal Safety-appliance Act — Assumption of Risk — Contributory Negligence.* Under the Federal safety-appliance acts an employee does not assume risk of injury from a car not equipped as the statutes require; but the defense of contributory negligence remains untouched, even by the act of 1910 (36 U. S. Stat. 299, ch. 160, § 4), and an employee is not relieved from taking ordinary care for his own protection in dealing with such a car.

3. SAME—*Action May Be Predicated on Both Employers' Liability Act and Safety-appliance Acts.* An action to recover damages resulting from death of an employee may be predicated on both the employers' liability act and the safety-appliance acts, and the plaintiff may go to the jury on as many grounds of recovery as the evidence tends to establish, under proper instructions as to each, without electing between the acts mentioned.

4. SAME—*Certain Conductors' Reports Showing Defective Cars Were in Interstate Commerce Admissible.* The action was one to recover damages resulting from death of a switching-crew foreman, who was killed while assisting in preparing a car lacking a drawbar for movement from the bad-order track to the repair track in the defendant's yards. The defendant was a carrier engaged in interstate commerce. The action was predicated in part on the employers' liability act, for violation of the safety-appliance acts. *Held*, conductors' reports of cars in freight trains and interchange reports of cars, showing the defective car was in course of transportation in interstate commerce, were admissible in evidence, under section 384 of the civil code.

5. SAME—*Certain Inspector's Report Not Admissible.* An inspector's report to the defendant, stating the condition of the car and certain facts attending the accident, as ascertained by the inspector after the accident, was not admissible in evidence.

6. SAME—*Printed Rules and Settled Usages Concurred in by Employer and Employee Admissible.* Printed rules of the carrier, settled usages of the particular yard established by concurrence of both employer and employees, and instructions given by the employer to employees, making for greater safety in handling the bad-order car, brought to the attention of the deceased, and violated by him, were admissible in evidence on the issue of contributory negligence.

7. SAME—*Action Under Federal Safety-appliance Acts—Damages Not Governed by Kansas Workmen's Compensation Act.* In an action predicated on the safety-appliance acts, the amount of damages recoverable is not governed by the workmen's compensation act of this state, under which the carrier has elected to operate.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed December 11, 1920. Reversed.

*W. W. Brown, O. T. Atherton,* both of Parsons, and *A. L. Berger,* of Kansas City, for the appellant.

*L. O. Carter,* of Kansas City, *W. W. McCanles,* and *S. L. Trusty,* both of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover damages resulting from death of a switching-crew foreman, who was killed while assisting in preparing a defective car for movement from the bad-order track to the repair track, in the defendant's Glen Park yards. The plaintiff recovered, and the defendant appeals.

The defect in the car consisted in absence of a drawbar, which made it necessary to use chains to move the car. The accident occurred at night, and the deceased was killed while he was holding a lantern so that one of his brakemen could see to attach chains to the car for the purpose of moving it. The defendant admitted the railroad was a highway of interstate commerce. The plaintiff offered evidence tending to show the deceased was also engaged in interstate commerce when he was killed, but the evidence was rejected. The defendant offered evidence tending to show the deceased was guilty of contributory negligence, which caused his death, but the evidence was rejected. The allegations of the petition were such that recovery might rest on the Federal employers' liability act, or on the Federal safety-appliance act. The court required the plaintiff to elect between the two statutes, and she elected to treat the action as one for recovery under the employers' liability act, for violation of the safety-appliance act. The court instructed the jury as follows:

"This action is brought and prosecuted by the plaintiff as administratrix of the estate of Martin Wilbur Flanigan, deceased, against the defendant, Walker D. Hines, as director-general of railroads, under and by virtue of an act of the congress of the United States, commonly called the Federal employers' liability act, for the purpose of recovering damages for the death of said Martin Wilbur Flanigan, claimed by the plaintiff to have been caused by the defendant or his predecessor in office as director-general of railroads, while the deceased under the direction of said director-general or his agents and employees was attempting to move a car, in violation of another act of the congress of the United States commonly known as the Federal safety-appliance act. By the terms of the last-named act it is made unlawful for any common carrier engaged in interstate commerce to haul, or permit to be hauled or used on its line, any car not equipped with couplers, coupling automatically by impact, and which could be uncoupled without the necessity of men going between the ends of cars; and said common carrier, engaged in interstate commerce, by the terms of said safety-appliance act, is held liable for the death or injury of any employee of said common carrier, caused to such employee by reason of or in connection with the movement or hauling of a car with equipment which is defective or insecure, or which is not maintained in accordance with the requirements of said safety-appliance act. It is admitted in this case that the defendant as director-general of railroads, and his predecessor in office, in charge of and operating the Missouri, Kansas and Texas railroad, was engaged generally in interstate commerce, and if the jury finds from the evidence in this case that said Martin Wilbur Flanigan was in the employ of the defendant,

or his predecessor, W. G. McAdoo, as director-general of railroads, as a switchman, at the time of his death, and at said time was engaged, pursuant to his duties as said director-general's employee, in putting or assisting in putting a chain upon a freight car in the charge of and under the control of the defendant, or his predecessor in office, for the purpose of hauling said car upon the tracks of the Missouri, Kansas & Texas Railroad, then in charge of defendant's predecessor in office, and being operated by him, from a track known as the bad-order track, to a rip or repair track, and that said car upon which he was assisting in putting a chain was equipped with an automatic coupler, but that said coupler was defective or insecure, in that the drawbar in said coupling was missing, and that it was necessary to put said chain upon said car by reason of said drawbar being missing, in order to move it from said bad-order track to said rip or repair track, and that Martin Wilbur Flanigan's death was caused by reason as aforesaid, and that the defective condition thereof was the proximate cause of his death, then you are instructed that the plaintiff is entitled to recover in this action, and your verdict should be for the plaintiff."

It will be observed that the instruction eliminated, as an element of a cause of action under the employers' liability act, the fact that the deceased was engaged in interstate commerce. The employers' liability act reads in part as follows:

"Every common carrier by railroad while engaging in commerce between any of the several states . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, . . . by reason of any defect or insufficiency, due to its negligence, in its cars, . . ." (35 U. S. Stat. 65, ch. 149, § 1.)

The decisions are uniform and conclusive to the effect that it is indispensable to liability under this statute that the injured person should have been engaged in interstate commerce when the injury occurred. (*Thornbro v. Railway Co.,* 91 Kan. 684, 139 Pac. 410; The Employers' Liability Cases, 207 U. S. 463; Second Employers' Liability Cases, 223 U. S. 1; *Pedersen v. Del., Lack. & West. R. R.,* 229 U. S. 146; *Nor. Car. R. R. Co. v. Zachary,* 232 U. S. 248; *Ill. Cent. R. R. v. Behrens,* 233 U. S. 473; *Minn. & St. Paul Ry. v. Popplar,* 237 U. S. 369; *Chi., Burlington & Q. R. R. v. Harrington,* 241 U. S. 177; *Erie Railroad Company v. Welsh,* 242 U. S. 303.)

The safety-appliance act may be related to an action under the employers' liability act. As the quotation from the employers' liability act indicates, liability under that statute is predicated on negligence of the carrier (*Seaboard Air Line v. Horton,* 233 U. S. 492). For the purpose of suit under the

Flanigan v. Railway Co.

employers' liability act, violation of the safety-appliance act constitutes negligence *per se*. (*San Antonio Ry. v. Wagner,* 241 U. S. 476, 484; *St. Louis & Iron Mountain Ry. v. Taylor,* 210 U. S. 281; *C. B. & Q. Ry. v. United States,* 220 U. S. 559; *Chicago, R. I. & Pacific Ry. v. Brown,* 229 U. S. 317; *Spokane & Inland R. R. v. Campbell,* 241 U. S. 497.) The employers' liability act permits contributory negligence of the injured employee to be interposed as a defense, but not as a complete defense. Damages are diminished in proportion to the negligence chargeable to the employee. However, if negligence of the carrier consist in violation of the safety-appliance act, the employee shall not be held to have been guilty of contributory negligence (35 U. S. Stat. 66, ch. 149, § 3). When violation of a statute enacted for safety of employees contributes to an injury, the injured employee shall not be chargeable with having assumed the risk (Id. § 4). The court is not aware of any other way in which the safety-appliance act may become material in an action predicated on the employers' liability act, and proof of violation of the safety-appliance act, in such an action, does not dispense with proof that the injured employee was engaged in interstate commerce.

The result is, the judgment may not be upheld under the employers' liability act, because the question whether or not the employee was performing a service connected with interstate commerce when he was killed was not submitted to the jury.

The series of acts known as safety-appliance acts forms one comprehensive regulation, which thus far in this opinion has been called the safety-appliance act. It deals directly with instrumentalities of interstate commerce, and proof that the injured employee was also engaged in interstate commerce is not essential to recovery in an action based on the safety-appliance act (*Texas & Pacific Ry. Co. v. Rigsby,* 241 U. S. 33). Therefore, the plaintiff contends that, notwithstanding the election which the trial court coerced her to make, the judgment may be sustained under the safety-appliance act alone. Waiving the question of election, the judgment is not thus sustainable, because the safety-appliance act leaves the defense of contributory negligence untouched, and the defendant was not permitted to introduce evidence in support of its plea of contributory negligence.

In the case of *Schlemmer v. Buffalo &c. Ry. Co.*, 220 U. S.
590, the court considered the safety-appliance acts of 1893,
1896, and 1903, distinguished between assumption of risk and
contributory negligence, and held the safety-appliance legis-
lation took away from the carrier the defense of assumed risk,
but did not affect the defense of contributory negligence.
While an employee does not assume the risk of injury from a
car not equipped as the law requires, he is not relieved from
taking ordinary care for his own protection in dealing with
such a car. This distinction is discussed further in *Seaboard
Air Line v. Horton*, 233 U. S. 492. In the case of *Minn. & St.
Paul Ry. v. Popplar*, 237 U. S. 369, the court said the safety-ap-
pliance act merely defined the duty of the carrier to provide ap-
pliances meeting positive requirements, and did not preclude
the defense of contributory negligence. In the case of *San
Antonio Ry. v. Wagner*, 241 U. S. 476, it was said the safety-
appliance act leaves the defense of contributory negligence un-
touched. Until the year 1910, a carrier was subject to penalty
for using or hauling a car in interstate traffic, not equipped
according to the safety-appliance act. By statute taking effect
on April 14, 1910 (36 U. S. Stat. 299, ch. 160, § 4), it was pro-
vided that a car discovered to be defective, which had been
properly equipped, might be hauled without penalty to the
nearest place where it might be repaired. The statute con-
tinued as follows:

"And such movement or hauling of such car shall be at the sole risk of
the carrier, and nothing in this section shall be construed to relieve such
carrier from liability in any remedial action for the death or injury of
any railroad employee caused to such employee by reason of or in con-
nection with the movement or hauling of such car with equipment which
is defective or insecure or which is not maintained in accordance with the
requirements of this act and the other acts herein referred to: . . ."

The decisions noted, holding that while the safety-appliance
act expressly abolished the defense of assumed risk the de-
fense of contributory negligence remained, did not mention the
act of 1910, and no decision of the supreme court of the United
States interpreting that act has been cited. This court is of
opinion the defense of contributory negligence is available as
before. The provision that movement of the car to a place of
repair shall be at the sole risk of the carrier, merely declares
that employees concerned with the movement assume no risk.

The remainder of the section is interpretative only, and does no more than preserve existing liabilities and remedies for private injuries, unaffected by the fact that the carrier is relieved from the statutory penalty.

Since there must be another trial, several subjects deserve attention in order that the district court may proceed properly.

The plaintiff should not have been required to elect between the employers' liability act and the safety-appliance act. She was entitled to go to the jury on as many grounds of recovery as her evidence tended to establish, under proper instructions relating to each ground.

The plaintiff offered in evidence copies, furnished and certified by the defendant, of conductors' reports of cars in freight trains, and interchange reports of cars, showing that the defective car was loaded with coke and was in course of transportation from McCurtain, Okla., to Kansas City, Mo. The district court regarded the statements contained in the writings as hearsay, probably under the rule announced in the case of *Railway Co. v. Burks*, 78 Kan. 515, 96 Pac. 950. The reports formed part of the defendant's records of its business, and were admissible under section 384 of the civil code (Gen. Stat. 1915, § 7288), on proof of the kind there indicated. (*Barker v. Railway Co.*, 88 Kan. 767, 129 Pac. 1151; *Cockrill v. Railway Co.*, 90 Kan. 650, 136 Pac. 322; *The State v. Mooney*, 93 Kan. 353, 144 Pac. 228.)

An inspector's report on the condition of the car and on certain facts attending the accident, made after the accident, was offered in evidence, and rejected. The report fell within the rule of the Burks case. The inspector testified, however, that the report was absolutely correct, and consequently it might have been admitted, if the plaintiff needed it, as to matters within the inspector's personal observation.

The district court was of opinion contributory negligence of the deceased was not an issue, and evidence offered by the defendant relevant to that issue was rejected. There is some indication in the record that the evidence might have been rejected in any event. Therefore it seems proper to say that the provisions of the Federal statutes may not be nullified or pared down by rules imposed by a carrier on its employees; but speaking generally, any printed rules of the employer, any settled usages of the particular yard established by concur-

rence of both employer and employee, and any instructions, oral or written, given to employees, making for greater safety in handling the bad-order car, brought to the attention of the deceased and violated by him, were admissible. Of course, proof that an unsafe method was preferred, deliberately and without necessity under the conditions, to a safe one, was admissible.

The defendant argues that violation of the safety-appliance act was not the proximate cause of the injury. In the present state of the record it would not be profitable to discuss the subject.

The defendant says that, assuming recovery to be predicated on the safety-appliance act alone, the workmen's compensation act of this state, under which the defendant operates, governs the amount of damages. In the case of *Minn. & St. Paul Ry. v. Popplar*, 237 U. S. 369, the court interpreted the safety-appliance act as follows:

"The action fell within the familiar category of cases involving the duty of a master to his servant. This duty is defined by the common law, except as it may be modified by legislation. The Federal statute, in the present case, touched the duty of the master at a single point and, save as provided in the statute, the right of the plaintiff to recover was left to be determined by the law of the state." (p. 372.)

In the more recent case of *Texas & Pacific Ry. Co. v. Rigsby,* 241 U. S. 33, the view was expressed that the safety-appliance act not only imposes an obligation, but by implication creates a right of action on the statute for breach of the obligation, that is, a Federal right of action. It was said further that liability to private suit may be as effective a sanction as public prosecution; remedial actions must either be governed by act of congress, or by diverse state legislation; and since congress has entered the field, the states may not make or enforce inconsistent laws relating to redress of injury to workmen or travelers, occasioned by absence of safety appliances. This court concludes that the redress of injury contemplated by the safety-appliance act is full redress by way of damages, and not merely the recompense afforded under the workmen's compensation act, which bases compensation on a theory incompatible with that of damages occasioned by fault.

The judgment of the district court is reversed, and the cause is remanded with direction to grant a new trial.