## FRED SMITH v. STATE.

No. A-4889. Opinion Filed July 18, 1925.
(238 Pac. 866.)

Wright & Gill, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for the State.

BESSEY, P. J. By verdict of a jury plaintiff in error, here referred to as the defendant, was found guilty of the illegal possession of whisky, with his punishment fixed at confinement in the county jail for a period of 90 days and to pay a fine of $250.

The assignments of error may be summarized as follows: (1) Failure to prove venue; (2) erroneous instructions to the jury; (3) defective and void verdict; (4) insufficiency of the evidence.

We think the evidence sufficiently establishes venue. One of the witnesses described the place where the offense was committed as about 4½ miles southeast of Oklahoma City, near the Grand boulevard where it crosses Eastern avenue. The court will take judicial notice that this place is within Oklahoma county.

The defendant complains of instruction No. 6, as follows:

"You are instructed that the keeping or having in control in excess of one gallon of whisky under the laws of this state shall be prima facie evidence of an intention to sell or otherwise dispose of such liquor contrary to law."

This instruction is in almost the exact language of the statute, and is not subject to the criticism stated in the case of Committi v. State, 28 Okla. Cr. 380, 231 P. 316, wherein the court, in addition to stating the law as defined by statute, undertook to define the term "prima facie," and in so doing shifted the burden of proof to the defendant.

Instruction No. 8, also challenged, related to circumstancial evidence. Without setting out this instruction in full, we hold that, while it may not be technically correct as given, yet it could not operate to mislead the jury, and substantially stated the law on circumstancial evidence. Neither did it shift the burden of proof, as was done in the case cited by defendant, in support of his contention. Brennon v. State, 27 Okla. Cr. 286, 226 P. 1062.

The verdict complained of was as follows:

"We, the jury, drawn, impaneled, and sworn in the above-entitled cause, do upon our oaths find the defendant, Fred Smith, guilty, and fix his punishment at a fine of $250 and confinement in the county jail for a period of 90 days."

Defendant says that, inasmuch as the jury did not specifically set forth in the verdict that the defendant was guilty of illegal possession, or was guilty "as charged," the verdict is defective and void. No objection was interposed in the court below to the form of this verdict. The record elsewhere shows that the defendant was tried for illegal possession; the information and the instructions of the court, and all the proceedings so indicated. Under such circumstances the verdict will not be disturbed by this court on the grounds urged. Walker v. State, 11 Okla. Cr. 339, 127 P. 895; Ex parte McLean, 84 Kan. 852, 115 P. 647, 35 L. R. A. (N. S.) 653.

Finally, it is contended that the evidence is insufficient to support the verdict. It would serve no good purpose to recite the facts at length, other than to say that this defendant and his two companions were twice seen on the highway adjacent to where a considerable quantity of whisky was concealed; that in their automobile and near where the whisky was found there were bottles and other containers which had recently contained whisky. These facts, in connection with the acts, declarations, and

conduct of the defendant in the presence of several witnesses and a deputy sheriff, if believed by the jury, were sufficient to support the verdict.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.