## DETROIT, TOLEDO AND IRONTON RAILWAY CO. v. DAVIS.

Ohio Appeals, 4th Dist., Lawrence Co.

Decided Jan. 11, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

**659. INTERSTATE COMMERCE COMMISSION.** Cannot make rules which go beyond scope of statute.
**923. PLEADINGS—829.** Negligence.
1. Absolute liability arising under safety appliance act may be treated as a form of negligence.
2. Recovery can be had in one cause of action where both forms of liability are sufficiently pleaded.

Application for rehearing.
Judgment modified.
Application denied.

Willis & Jones and E. E. Corn, Ironton, for Detroit, Toledo & Ironton Railway Co.

A. R. Johnson, Ironton, for Davis.

FULL TEXT

MAUCK, J.

This court has given renewed consideration to the record in this case because of the insistence that proper value had not been given to the effect upon the use of the rules and orders of the Interstate Commission. It is now asserted that the pleadings were sufficient to make a case under Rule 117 of the commission and it is argued that that rule requires that the width of the apron "should be such that there will be no danger of a man having his foot crushed when locomotive takes a curve." This argument might be disposed of by saying that no case under this alleged rule was submitted to the jury. The trial court charged a case under the terms of the statute fixing the standard of safety as being such that the engine might be operated "without unnecessary peril to life or limb," and the record does not disclose that the plaintiff in the trial court ever relied for recovery upon the rules of the commission fixing the law of the case. The record rather negatives this by showing that the plaintiff only claimed that the rules tended to establish some fact in the case, and for that reason unsuccessfully sought to introduce the rules in evidence.

The theory now urged is, however, wholly untenable in that it attempts to give to an alleged rule of the commission a different effect from the statute itself. The argument is that while the statute only requires the carrier to have a locomotive in such condition that there will be no unnecessary peril, the rule invoked goes much further and requires that there will absolutely "be no danger of a man having his foot crushed when locomotive takes a curve," and that while the plaintiff may not recover under the statute he can recover by virtue of the rule.

The statute in providing for rules and regulations did not authorize the commission to change the law. It only contemplated that it could make rules within the law for the purpose of enforcing the law. Now the only rule that the commission made was Rule 117 reading as follows:

"Cab aprons shall be of proper length and width to insure safety. Aprons must be securely hinged, maintained in a safe and suitable condition for service, and roughened, or other provisions made, to afford secure footing."

Such was the rule. What we have been cited to as Rule 117, quoted in the first paragraph hereof, is not the rule at all but an interpretation of the rule made by a bureau of inspection operating under the commission. These interpretations seem to have been practical explanations to interested parties of what it was hoped to attain by the laws and rules relating to inspection. The law does not and the rule can not create any other standard of safety but the one recognized by the Supreme Court, to wit, that the locomotive and its equipment be in such condition that no unnecessary peril be created. Railroad v. Groeger. 266 U. S. 521.

So far as our former opinion is concerned, we are now inclined to modify what we there said as to pleading two causes of action in case the plaintiff desires to rely both upon negligence and upon the absolute liability arising under a safety appliance act. It has been held that the latter liability may be treated as a form of negligence. Railway v. Wagner, 241 U. S. 476; Flanigan v. Hines, 108 Kan. 133, 193 Pac. 1077. While this is a somewhat artificial use of the word negligence and tends to confusion, it seems to support the contention that recovery can be had in one cause of action where both forms of liability are sufficiently pleaded in such cause of action. The former opinion is modified accordingly.

The former judgment is adhered to and the application for rehearing is denied.

(Middleton, PJ., concurs. Thomas, J., not participating.)